ROBERT E. OLIVER & others *vs.* WARREN H. HOPKINS
& others.

Barnstable.   Jan. 21. — Feb. 28, 1887.   C. ALLEN & HOLMES, JJ., absent.

The members of an unincorporated beneficiary association, organized by charter
from a state council, which is subordinate to a national council, cannot main-
tain a bill in equity against the officers of the state council, after the charter of
the association has been declared forfeited by the state council, to recover
possession of property formerly belonging to the association, upon the ground
that the charter was illegally declared forfeited, until they have exhausted the
remedies prescribed in the constitution and laws of the national council, which
give a right of appeal from the action of a state council.

GARDNER, J.   The plaintiffs were members of an unincorpo-
rated association called " Friendship Council No. 19 of the Order of
United American Mechanics," organized by charter from the un-
incorporated association called " The State Council of the Order
of United American Mechanics of the State of Massachusetts,"
and was subject to the rules and usages of the state council.
Both of these organizations were subordinate to another unin-
corporated association, called " The National Council of the Order
of United American Mechanics of the United States of America."
The charter of Friendship Council No. 19 provided that, " should
said Friendship Council No. 19 be dissolved by forfeiture of this
charter or otherwise, then all property, moneys, books, and papers,
the property of said council, shall become the property of the
state council of Massachusetts."

Friendship Council No. 19 was dissolved, and its charter de-
clared forfeited by the defendant Jewett, a state councillor, for
non-compliance with the constitution, laws, and usages of the
state council.   This action was approved and sustained by the.
state council.   The constitution of the state council, art. 12, § 3,
provides that " any council neglecting to comply with the laws
and regulations of the state council shall forfeit its charter, if
two thirds of the members present at any regular meeting concur
therein."   It appears by the amended record of the state council,
that the vote upon the forfeiture of the charter of Friendship
Council No. 19 was unanimous.   Upon the passage of the vote
of forfeiture, the plaintiffs brought this bill in equity against the

defendants, who are officers of the state council, to recover the sum of $300, deposited by Friendship Council No. 19 in the Cape Cod Five Cents Savings Bank, which is also made a party defendant, and to recover possession of other property formerly belonging to the council, upon the ground that the charter of Friendship Council No. 19 has been illegally declared forfeited by the state council.

"The general laws of the national council," Law I. §§ 1–6, provide that a member of the order may appeal from the action of his state or subordinate council, point out the steps to be taken, and declare that the decision of a state council is binding until reversed by the national council. The plaintiffs and the several members of Friendship Council No. 19, if they felt aggrieved by the action of the state council in declaring its charter forfeited, could have appealed to the national council for redress. This was the tribunal of last resort as established by the laws and rules of the association, and recognized by all the members of the associations as the one to which the members of subordinate or state councils, upon any grievance, had the right of appeal, and before which they had the right to be heard. It was a court established by the parties to settle difficulties growing out of their association. The national council had the right and the power to reverse the decision of a state council, if such decision, in the judgment of the appellate council, was wrong.

Until the plaintiffs have exhausted the remedies prescribed in the constitution and laws of the national council, this bill in equity cannot be maintained. *Chamberlain* v. *Lincoln*, 129 Mass. 70. The relief which is sought in this court they might have obtained, before the national council, upon appeal. If the charter of Friendship Council No. 19 was declared forfeited by the state council in contravention of the laws, rules, and regulations of the association, the national council could have ordered its restoration, and have afforded the same remedies, at least in the first instance, as to the property of the council, which the plaintiffs are seeking by this bill.

We are of opinion that the judgment of this court cannot be invoked by the plaintiffs until they have first sought the relief for which they pray from the tribunal provided by the association

to try and determine questions of this nature. *Karcher* v. *Supreme Lodge Knights of Honor*, 137 Mass. 368.

> *Decree of Superior Court dismissing the bill affirmed.*

. *H. Kingman*, for the plaintiffs.

*H. P. Harriman*, for the defendants.