## Frederick M. Grant et al., Trustees of Olive Branch Lodge No. 15, I. O. O. F., v. Samuel A. Langstaff.

1. BENEFICIARY SOCIETIES—*Application for Benefits—Compliance with By-Laws.*—A member of a beneficiary society applying for benefits under its rules and regulations must follow the procedure prescribed by the laws and rules of the order, and he can not, until he has exhausted the remedies provided in such cases for an adjustment of such claims within the order, invoke the aid of a court of law.

Memorandum.—Assumpsit for sick benefits, etc. Appeal from the City Court of Canton, Fulton County; the Hon. JEFFERSON ORR, Circuit

Judge, presiding.   Heard in this court at the May term, 1893.   Reversed and remanded.   Opinion filed December 12, 1893.

The opinion states the case.

Appellants' Brief, Greene & Humphrey, Attorneys.

Appellants contended that a member of a fraternal society is bound to exhaust the remedies provided within the tribunals of the order before he can resort to the civil courts.

All the contracts of an incorporated benefit society are made with reference to all the laws of the organization. These are deemed part of each contract of membership, whether mentioned or not, and are as binding upon all the members as provisions contained in the charter.

Each member is conclusively presumed to know them, and will not be heard to plead ignorance of their provisions in any case.   16 Am. and Eng. Ency. of Law, 40, 41.

The payment of sick benefits is a common feature of benefit societies, and they are oftener provided for in the by-laws than in the certificates of membership.   Especially does the last remark apply to the great fraternal bodies, including grand and subordinate lodges.   In all cases which have arisen involving these benefits, it has been held that the laws of the society are to be considered in determining the right, and they are to govern, unless contrary to municipal law. 16 Am. and Eng. Ency. of Law, 43; Morawetz on Private Corporations, Sec. 493; Bacon on Benefit Societies, Secs. 91, 94; Bliss on Insurance, Sec. 426; May on Insurance, Sec. 552; Niblack on Mutual Benefit Societies, 130, 131; Oliver et al. v. Hopkins et al., 144 Mass. 175; Otto v. Journeyman Tailors' Protective and Benevolent Union, 7 Am. St. Rep. 165, note; Chamberlain v. Lincoln, 129 Mass. 70; Karcher v. Supreme Lodge Knights of Honor, 137 Id. 368, 372; Lafond v. Deems, 81 N. Y. 507; 8 Abb. N. C. 344; White v. Brownell, 2 Daly, 329, 365; 4 Abb. Pr., N. S. 162, 199; Poultney v. Bachman, 31 Hun 49; McAlees v. Supreme Sitting Order of Iron Hall (Pa.), 13 Atl. Rep. 755; McCallion v. Hibernia Savings and Loan Society, 70 Cal. 163; Anacosta Tribe No. 12 v. Murbach, 13 Maryland 91; 71 Am. Dec. 626; Dolan v.

Court Good Samaritan, 128 Mass. 437; Grosvener v. United Society of Believers, 118 Mass. 90; State v. Williams, 75 N. C. 134; Hyde v. Woods, 2 Saw. 659; Venable v. Baptist Church, 25 Kan. 177; Harrison v. Hagle, 24 Ohio St. 254; Andrew McCabe v. Father Matthew Total Abstinence Beneficial Society, 24 Hun 151; Tribe of Red Men v. Schmidt, 57 Md. 98; Harrington v. Workingmen's Benevolent Association, 70 Ga. 340; McDowell v. Ackley, 93 Pa. St. 277; Leech v. Harris, 2 Brewster 571; Toram v. The Howard Beneficial Society, 4 Pa. St. 517; Fischer v. Raab, 57 How. 87; Olery v. Brown, 51 How. Pr. 92; Robinson v. Irish Am. Ben. Soc., 67 Cal. 135; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. St. 411; Walsh v. Ætna, 30 Ia. 145; Treadway v. Hamilton Mut. Ins. Co., 29 Conn. 168; Fritz v. Muck, 62 How. Pr. 74; People ex rel. v. Board of Trade, 80 Ill. 134; High Court of Foresters v. Zak, 35 App. 615; Blumenfeldt v. Kirschuck et al., 43 Ill. App. 435; Bauer v. Samson K. P., 102 Ind. 270; Supreme Council v. Garrigus, 104 Ind. 133; Supreme Council Chosen Friends v. Forsinger (Ind.), 25 N. E. Rep. 129.

APPELLEE'S BRIEF, D. ABBOTT AND G. L. MILLER, ATTORNEYS.

Parties can not bind themselves in advance of a controversy that may arise upon property rights, that such controversy shall be settled or adjudicated by an individual or corporation. Home Ins. Co. v. Morse, 20 Wallace, 445; Kistler v. Indianapolis, etc., Co., 88 Ind. 460; Ments v. Armenia F. Ins. Co., 79 Pa. St. 478; Wood v. Humphrey, 114 Mass. 185; Bauer v. Sampson L. K. of P. (Ind.), 1 N. E. 575; Sup. Council O. of Ch. F. v. Forsinger (Ind.), 25 N. E. 129.

An agreement by a member of a lodge, or a provision in the by-laws or constitution of such lodge to the effect that such member shall not commence proceedings in a court of law (civil courts) for money demands due him from the lodge, are invalid and not binding, as being in their nature to oust the civil courts of the land of their jurisdiction, and against public policy. Home Ins. Co. v. Morse, 20 Wallace

445; Bauer v. Sampson Lodge, K. of P., 1 N. E. (Ind.) 571; Nute v. Ins. Co., 6 Gray, 174; Cobb v. Ins. Co., 6 Gray, 174; Hobbs v. Ins. Co., 56 Me. 421; Stephenson v. Ins. Co., 54 Me. 70; Sup. Council O. of Ch. F. v. Garrigus, 3 N. E. Rep. 818; Sup. Council O. of Ch. F. v. Forsinger, 25 N. E. Rep. 129; Bacon on Benefit Societies, Sec. 450.

Mr. Justice Boggs delivered the opinion of the Court.

This was an action of assumpsit brought against the appellants as trustees of Olive Branch Lodge, No. 15, Independent Order of Odd Fellows, by the appellee, Langstaff, a member of the Scarlet degree of said lodge. The laws of the order provide for the payment of the sum of five dollars per week, under certain conditions, to those of its members of the Scarlet degree who are sick and disabled. The appellee claimed to be entitled to receive, and that the lodge was liable to pay to him, under its rules, regulations and by-laws, a large sum of money as such sick benefits. He notified the proper authorities of the appellant lodge of his claim and brought certain of his demands, in compliance with the rules and regulations of the order, before the lodge for adjustment and settlement. Weekly benefits were allowed and paid for a number of weeks, but his claims for like benefits for quite a period of time were denied and disallowed by the lodge. He brought this action to recover the "sick benefits" thus refused to be paid and for other like demands not presented to the lodge. The appellant's trustees filed a number of pleas, in substance the same— the averments in effect being that Olive Branch Lodge is a subordinate lodge of the Grand Lodge of the Independent Order of Odd Fellows of the State of Illinois, and that the constitution and by-laws of the order provide that, if a member of the order claimed to be entitled to "sick benefits," he should present his claims to the subordinate lodge of which he was a member, for adjustment, and if he felt aggrieved by the decision of the subordinate lodge refusing and disallowing the claim, an appeal from such decision to the Grand Lodge should be allowed such member, provided

such appeal be taken within three months from the rendition of the decision, and that the appellee did, in pursuance of such provisions of the laws of the order, present certain of his demands to the appellant lodge, and that it decided that he was not entitled to receive payment thereof from the funds of the order; that he did not appeal, and that the other demands for such benefits sought to be recovered by this action were not presented to or brought before the subordinate lodge for adjustment or action thereon. A demurrer was interposed to such pleas and the same sustained by the court, to which ruling the appellants excepted. Judgment was rendered against the appellant trustees, who prosecute this appeal to this court.

Two questions are presented by the record.

1st. Was the appellee, after having presented his claim to the subordinate lodge, required to appeal to the Grand Lodge from an adverse decision, or might he abandon further effort within the order and institute an action in the courts of law to recover his demand.

2d. Can a member of a subordinate lodge, claiming "sick benefits" from the funds of the order, omit application to the subordinate lodge therefor and institute suit at law against the lodge for such benefits.

It can not be denied but that there is some conflict of authority upon these questions, but upon careful examination and consideration of such authorities and of the reasoning and principles upon which they proceed, we are of opinion that the better rule is that a member of this order in applying for benefits under its rules and regulations, must follow the procedure prescribed by the laws and rules of the order, and that he can not, until he has exhausted the remedies provided in such cases for an adjustment of such claims within the order, invoke the aid of courts of law. This view of the law is supported by Bacon on Benefit Societies, Sec. 94; Niblack on Mutual Benefit Societies, Sec. 130–131; Oliver et al. v. Hopkins et al., 144 Mass. 175, and many cases collected and commented upon in note to Otto v. Journeyman Tailors' Union, 7 Amer. Stat. Rep. 165. The principle

announced finds support in the reasoning of the Supreme Court of our State in The People ex rel. v. Board of Trade, 80 Ill. 134.

It follows that the trial court in passing upon the sufficiency of the pleas erred in so far as it ruled that the appellee might seek the aid of the courts of law, before exhausting the remedies provided by the regulations of the order for an adjustment of his alleged demands upon the funds of the society of which he was a member. For this error the judgment is reversed and the cause remanded.