MARK J. WILBER, APPELLANT, v. LINCOLN AERIE, NO. 147, FRATERNAL ORDER OF EAGLES ET AL., APPELLEES.

FILED FEBRUARY 19, 1916. No. 18607.

1. Beneficial Associations: EXPULSION OF MEMBER: POWER OF COURTS. If a judgment of expulsion passed upon a member of a fraternal benevolent association is regular, according to the laws of the order, a court cannot disturb it.

2. ———: ———: ———. Where it was provided in the constitution of a subordinate aerie that an appeal from the decision of the grand worthy president to the grand aerie at its next annual session must be taken within 30 days from the time of the decision, and no such appeal was taken, the decision of the grand worthy president is final, and the courts have no jurisdiction to interfere.

3. ———: ———: CIVIL ACTION. Members of fraternal benevolent associations may lawfully agree, as a part of their scheme of organization, to submit their domestic grievances in the first instance to the internal tribunals of their order, and, having so agreed, cannot, against the protest of the association, maintain a civil action against it.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Minor S. Bacon,* for appellant.

. *Strode & Beghtol, contra.* '

*Edwin J. Murfin, amicus curiæ.*

HAMER, J.

The plaintiff and appellant brings his action to compel, by a writ of injunction mandatory in its form, his reinstatement as a member in good standing of Lincoln Aerie No. 147, Fraternal Order of Eagles, from an alleged unlawful expulsion from the said order. On the 24th day of November, 1911, the plaintiff was cited for trial on November 25, 1911. November 25, 1911, the alleged trial was had, and the trial committee reported its findings. On November 28, 1911, there was a report to the aerie against Wilber, and he was expelled. When cited to appear, Wilber claimed that he had an engagement to go to the theater, and the proceedings against him were in his absence. Wilber claims that the trial was without jurisdiction. The charge against Wilber is that he "violated section 1, art. 30 of the constitution for subordinate aeries, in that he attempted to use improper means to obtain sick benefits; that he disregarded the constitution of the Fraternal Order of Eagles in attempting to collect sick benefits by threatening the aerie with a suit at law, and threatening to resort to the courts, instead of to the regular means provided by the constitution of the order." It is also charged that Wilber, "as an officer of the aerie, appropriated funds of the aerie to his own use." It is contended by Wilber that these alleged charges do not comply with section 1, article 31 of the constitution of the order. It is said that the above purported charges do not specify time, place and circumstances, nor specify the particular manner of offense; that these are jurisdictional requirements, and that they must be strictly complied with; that the purported charges are simply conclusions,

and that they give no time and no place; that, for all that is stated, the alleged charge of "appropriating funds to his own use" may be barred by the statute of limitations.

The constitution prescribed for subordinate aeries is contained in article 31 of the constitution, which provides:

"Section 1. Whenever the worthy president or any member believes, has knowledge or information that would lead him to understand, that another member of the order has violated the constitution, ritual, or general laws of the order, it shall be his duty to make complaint against such member in writing and present the same to the worthy president, who shall report the same at the next meeting of the aerie, withholding the name of the member making such complaint. The worthy president shall immediately appoint a committee of three members, giving them the name of the complainant, and it shall be their duty to investigate such complaint, and if the committee find the complaint well grounded they shall proceed to file charges in writing against the accused, giving time, place and circumstances, and specifying the particular manner of offense with which he is charged," etc.

"Section 2. The worthy president shall, unless otherwise ordered by the aerie, thereupon appoint a trial committee of five members of the aerie who shall fix the place and time for the trial, notifying the accused under seal, and furnish him with a copy of the charges and specifications, in person, if possible; if not, by mailing to the last known address; and said trial committee shall summon witnesses under seal of the aerie, and any member so summoned must appear and give testimony upon his honor as such, as may be required by said trial committee.

"Section 3. Such committee shall, as soon as practicable, render their report in writing to the aerie, together with their verdict, which shall be either 'guilty' or 'not guilty,' and they shall accompany the same with a synopsis of the testimony taken at such trial. They shall also give the accused at least 24 hours' notice prior to the

meeting of the aerie at which they present their report that the same will be presented, thereby giving him an opportunity to interpose such objections, either in writing, personally, or by representative, as he may elect, and upon the verdict of 'guilty,' if the same be proved, and the aerie approve such verdict, it shall then proceed by a majority vote to impose the penalty provided in this constitution."

The record discloses that under section 1 the investigating committee made a finding and report that the complaint "is well grounded." They then make their charges as above recited. It is not specified when the alleged acts were committed, neither is it alleged by what means Wilber obtained the sick benefits, nor is it alleged how much he obtained.

Wilber seems to have been given 24 hours to prepare for trial. Considering the serious character of the charges made against him, it may well be questioned whether the time given in the notice was sufficient, but, in the view that we take of the matter, we need not further discuss the merits of the proceedings in the aerie. We think it is the law that the party disciplined by his lodge must appeal from any punishment or penalty imposed upon him to the last officer in the lodge or body in the lodge to whom an appeal lies before he can resort to the courts of the state, except where the liability is a simple obligation to pay money. Article 31 of the constitution for subordinate aeries provides that questions arising in a subordinate aerie shall, in the first instance, be decided by the worthy president of the aerie. Then the right of appeal is given from an adverse decision to either party. This appeal lies from the worthy president's decision to the judgment of the aerie, in which case a two-thirds vote of the members present shall be required to overrule such decision. Then from the decision of the aerie an appeal is given to the grand worthy president. In this case that appeal was taken, but no appeal was taken to the grand aerie from the decision of the grand worthy president. The provision disregarded is the one providing for an ap-

peal to the grand aerie at its next annual session. That is the last appeal provided for by the constitution. That this appeal was not taken denies to Wilber the final consideration of his case by the courts. Wilber seems to have been indifferent to his own welfare and negligent in matters of importance to himself. He failed to attend the aerie when cited to appear, and he failed to appeal to the grand aerie after he had been expelled.

Section 1, art. III of the constitution for subordinate aeries, provides:

"Section 1. Questions arising in the subordinate aerie shall in the first instance be decided by the worthy president of the aerie wherein they may occur. Either party shall have the right of appeal from adverse decisions upon such subjects ·in the following manner: (a) From the worthy president's decision to the judgment of the aerie, in which case a two-thirds vote of the members present shall be required to overrule such decision; (b) from the decision of the aerie to the grand worthy president; (c) from the decision of the grand worthy president to the grand aerie at its next annual session.

"Section 2. In all appeals of any nature, except from the decision of the worthy president to the judgment of the aerie, a written record of the facts in the case must be presented by the appellant within 15 days, and the respondent shall be given due and timely notice and an opportunity to present a written statement in reply, which must also be given within 15 days. After a decision has been rendered by the grand worthy president, if an appeal be not taken within 30 days, his decision shall be final."

As no appeal was taken within 30 days from the decision of the grand worthy president to the grand aerie, the decision must remain undisturbed, and we are without jurisdiction.

The following authorities support the decision which we have reached: *McAlees v. Supreme Sitting, Order of Iron Hall*, 13 Atl. (Pa.) 755; *Ocean Castle, Knights of Golden Eagle v. Smith*, 58 N. J. Law, 545; *Lafond v.*

*Deems,* 81 N. Y. 507; *Wood v. What Cheer Lodge, Sons of St. George,* 20 R. I. 795; *Levy v. Magnolia Lodge, I. O. O. F.,* 110 Cal. 297; *Oliver v. Hopkins,* 144 Mass. 175; *Connelly v. Masonic Mutual Benefit Ass'n,* 58 Conn. 552.

It follows that the judgment of the district court is right, and it is

AFFIRMED.

LETTON, J., not sitting.

SEDGWICK, J., concurring.

It seems that the plaintiff brought this action to compel the proper officers of the defendant to reinstate him as a member of the order. The regulations of the order give the members of the local lodge power to remove a member for cause and give such member a right to appeal to higher authority, and finally to the grand worthy president of the order. The plaintiff has not availed himself of the right of appeal to the grand worthy president, and so has not exhausted his remedy provided by the regulations of the order to which he has agreed. It seems therefore, under the authorities cited, he cannot maintain an action in the courts. The trial court so decided, and I therefore concur in sustaining the judgment.