Pixley v. Cleaver.

LEW PIXLEY, APPELLANT, V. MAYME HEDRICK CLEAVER
ET AL., APPELLEES.

FILED DECEMBER 31, 1920.   No. 21049.

1. **Insurance: FRATERNAL ASSOCIATION: INJUNCTION.** A member of a subordinate lodge of a fraternal beneficiary association is not entitled, before exhausting his remedies within the society, to an injunction preventing the officers of the supreme lodge from interfering with the internal affairs of another local lodge by revoking the latter's charter, by taking charge of its funds, by removing its officers and appointing others to fill their places, and by paying the resulting expenses from the funds of the supreme lodge.

2. ————: ————: ————. Postponement of a meeting of a supreme lodge of a fraternal beneficiary association on account of an epidemic, *held* not to destroy a member's remedy by appeal to that body, nor to justify a resort to equity.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Weaver & Giller* and *Anson H. Bigelow,* for appellant.

*Steiner & Boslaugh, W. M. Whelan* and *William J. Hotz,* contra.

ROSE, J.

Plaintiff commenced this suit by filing a petition in equity for an injunction. The principal defendant, Mayme Hedrick Cleaver, is Chief of Honor of the Grand Lodge, Degree of Honor, A. O. U. W. of Nebraska. The other defendants are members of the finance and the executive committees of the grand lodge. The society is a fraternal beneficiary association incorporated under the laws of Nebraska. It has a representative form of government. The members of the corporation are affiliated in subordinate lodges with the grand lodge, which is the supreme legislative and governing body. The latter is composed of members elected by the subordinate lodges and defendants are its officers. In 1918 the Grand Chief of Honor,

defendant, suspended Washington Lodge, a subordinate one, took its charter from the wall of its lodge room, removed its officers and appointed others to fill their places, and took charge of its funds. Plaintiff is not a member of Washington Lodge, but belongs to another subordinate lodge. The equitable relief sought by him as plaintiff may be summarized as follows:

Injunction to prevent defendants from allowing or paying grand lodge funds for unauthorized purposes; from allowing or paying grand lodge funds to defray expenses incurred by defendants in defending themselves against litigation growing out of the suspension of Washington Lodge; from allowing or paying grand lodge funds to defend defendants against suits resulting from their illegal or unauthorized acts. There is also a prayer for an order on defendants to restore to the grand lodge the funds expended by them in consequence of the suspension of Washington Lodge.

The grand lodge funds alleged by plaintiff to have been expended by defendants without authority may be itemized as follows:

Expenses and compensation of defendants in connection with the suspension of Washington Lodge, $242.55; funeral benefits on account of deceased members of Washington Lodge, $250; funeral expenses incident to funerals of deceased members of Washington Lodge, $42.40; auditing books, $358.45; expenses in defense of grand lodge officers in suits brought against them by Washington Lodge by reason of its suspension, $761; compensation of officers appointed by defendants for Washington Lodge during the period of suspension, $155.50; total $1,809.90.

Defendants, among other defenses, denied that they had abused their powers as officers of the grand lodge, denied they had misapplied its funds, and pleaded that plaintiff had a remedy for his alleged grievances by appeal to the grand lodge at its annual meeting. Upon a trial of the issues the suit was dismissed. Plaintiff has appealed.

The last of the defenses mentioned is urged to justify the dismissal on the ground that plaintiff should have exhausted his appellate remedies within the association before resorting to a court of equity. This point seems to be well taken. Plaintiff is not seeking to obtain relief under his own beneficiary certificate or to vindicate the subordinate lodge to which he belongs or to redress any grievance not common to other members of the society as a whole. His prayer is based on interference by defendants with the internal affairs of another subordinate lodge and on the payment of resulting expenses out of the funds of the grand lodge. The primary wrongful act pleaded is the illegal suspension of Washington Lodge and incidental thereto are the other acts of which complaint is made. To the Chief of Honor of the grand lodge has been committed the power, when the grand lodge is not in session, to suspend subordinate lodges for cause and to interpret and enforce the charter and the by-laws of the society. Grounds for the suspension of Washington Lodge and authority for using the funds of the grand lodge to pay the resulting expenses were matters of internal management for the consideration of the Chief of Honor of the grand lodge in the first instance. If these powers were wrongfully exercised, there was a remedy within the association by appeal to the grand lodge. Plaintiff did not avail himself of this remedy, and without an effort to exhaust it he has no standing in a court of equity. Courts should hesitate before announcing the rule that each member of fraternal beneficiary associations composed, as some are, of perhaps a million members in subordinate lodges throughout the country, may rush into a court of equity, without regard to his remedy within the society, whenever he can verify a petition alleging that officers of the supreme lodge have wrongfully suspended a subordinate lodge and misapplied funds of the supreme lodge to pay the resulting expenses. Plaintiff, in common with other members, agreed to conform to the laws of the society, including those relating to remedies, and should have ap-

pealed to the grand lodge before resorting to equity. As said by the supreme court of Wisconsin:

"It is certainly not the business of courts of equity to supervise the management and control of fraternal and benevolent associations and incorporations." *Loeffler v. Modern Woodmen of America,* 100 Wis. 79.

The rule adopted by the supreme court of Massachusetts follows:

"The members of an unincorporated beneficiary association, organized by charter from a state council, which is subordinate to a national council, cannot maintain a bill in equity against the officers of the state council, after the charter of the association has been declared forfeited by the state council, to recover possession of property formerly belonging to the association, upon the ground that the charter was illegally declared forfeited, until they have exhausted the remedies prescribed in the constitution and laws of the national council, which give a right of appeal from the action of a state council." *Oliver v. Hopkins,* 144 Mass. 175.

This court is committed to the same doctrine. *Wilber v. Lincoln Ærie, F. O. E.,* 99 Neb. 428; *Parish of the Immaculate Conception v. Murphy,* 89 Neb. 524.

To prevent the application of the rule stated, it is argued that plaintiff was without a remedy within the society because an epidemic prevented the grand lodge from meeting at the appointed time. This was a mere postponement which did not oust the grand lodge of jurisdiction to hear and determine an appeal nor destroy plaintiff's remedy. Courts of equity themselves cannot always avoid the delays incident to quarantine regulations, and in this particular case plaintiff has been seeking equitable relief for more than two years without success. Plaintiff's position seems to be untenable.

It is also contended that there were no available funds to defray the expenses of a meeting of the grand lodge, and that therefore appeal was not an adequate remedy. On

this issue of fact the finding is in favor of defendants. The suit was properly dismissed.

AFFIRMED.

DAY, J., not sitting.