**DAVIS, Director General of Railroads, v. RUSH. (No. 7020.)**

(Court of Civil Appeals of Texas. Austin. Nov. 3, 1926.)

**1. Courts ⟾170—Petition held not to state cause of action exceeding jurisdiction of county court where aggregate sum of items, specifically pleaded was within jurisdictional limitation, though general allegation exceeded it (Rev. St. 1925, art. 1950).**

General allegation of petition to recover $948 with interest at 6 per cent., making amount involved more than $1,000, *held* not to state a cause of action exceeding jurisdiction of county court, under Rev. St. 1925, art. 1950, where general allegation was based on itemized account to make up total damage, which was specifically pleaded, and aggregate sum was within jurisdiction of county court.

**2. Courts ⟾169(4)—Petition held not to seek recovery of amount exceeding jurisdiction of county court, where debt sued for was due under written contract made part of plaintiff's pleadings under which interest was recoverable eo nomine and not as damages (Rev. St. 1925, art. 1950).**

General allegation of petition seeking to recover sum with interest exceeding jurisdictional amount of county court *held* not to state a cause of action exceeding such jurisdiction, under Rev. St. 1925, art. 1950, where debt sued for was due under written contract made part of plaintiff's pleadings, and under which interest was recoverable eo nomine and not as damages, since interest would not then be computed in determining amount in controversy.

**3. Courts ⟾169(4)—Where terms of due date to pay debt are ascertainable, interest in suit on contract is not recoverable as damages, and is not to be computed in determining amount in controversy (Rev. St. 1911, art. 4977).**

Where a suit is upon a written contract to pay a debt from terms of which the due date is ascertainable, interest is not recoverable, in view of Rev. St. 1911, art. 4977, as damages, and is not to be computed in determining amount in controversy.

**4. Limitation of actions ⟾24(2)—Agreement between Director General of Railroads and union held to constitute written agreement to pay wages agreed on and to which four-year statute of limitation applies (Rev. St. 1911, art. 5688, subd. 1).**

Agreement between Director General of Railroads and railway unions relating to hours of work and pay *held* to constitute a written agreement between railroad and member of union to pay wages agreed upon, to which Rev. St. 1911, art. 5688, subd. 1, creating a four-year statute of limitation, applies.

**5. Interest ⟾21—Court held authorized to add interest to jury's verdict in action on contract, where amount was fixed by law (Rev. St. 1911, art. 4977).**

Where contract sued on fixed time of payment of debt, and Rev. St. 1911, art. 4977, rate of interest, it was no longer a question of fact, and court was authorized to add interest to jury's verdict.

Appeal from Dallas County Court, at Law; Wiley A. Bell, Judge.

Action by James H. Rush against J. C. Davis, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

W. P. Donaldson, of Dallas, and Terry, Cavin & Mills, of Galveston, for appellant.

Currie McCutcheon, of Dallas, for appellee.

BLAIR, J. Appellee sued James C. Davis, Director General of Railroads, to recover for alleged overtime wages due him because of labor done between August 1, 1918, and February 28, 1920. He alleged that during that period appellant operated the Gulf, Colorado & Santa Fé Railway Company; that he worked for appellant as a safety appliance or light repair man; that he worked nine hours a day, but was only paid for eight hours a day, as shown by an itemized statement of each day and hour which he claimed to have worked, and which statement he attached and made a part of his petition; that under a certain written agreement, which he also attached and made a part of his petition, between the union or craft of which he was a member and appellant, he was to be paid for an eight-hour day, and for all overtime he was to be paid at the rate of time and a half for such extra labor; and that "your plaintiff shows that he has been directly and proximately damaged in the sum of $948, and the further sum of 6 per cent. per annum from the time each of said amounts were due him until same are paid; that said amounts were due the 1st and 15th of each month."

The jury found that appellee was due $511.06 for the extra labor done. The trial court computed interest on that amount at the rate of 6 per cent. from the 1st and 15th of each month, the due date for each of the respective amounts shown in the itemized statement, and rendered judgment for $669.04.

Appellant attacks the judgment as being fundamentally wrong, because the damages sought to be recovered by appellee exceed the jurisdiction of the county court, in that it was for more than the sum of $1,000. The contention is that the petition alleges that the damages are $948, and 6 per cent. interest from the date the damages accrued; that interest is not recoverable eo nomine, but as damages; and that a simple calculation will show that interest even from the due date of the last item in suit when added to the principal will amount to more than $1,000.

[1] The suggested fundamental error is

without merit. While the general allegation of the petition for $948, with interest at 6 per cent. from the date it was due, standing alone, states a cause of action exceeding the jurisdiction of the county court, still, the general allegation is based upon items going to make up the total damages which are specifically pleaded, and the aggregate sum thereof is $511.06, the amount the jury found to be due appellee. The rule is too well settled in this state to require further discussion—

"that the matter in controversy is not the amount prayed for, nor the amount stated generally in the petition, where the items going to make up the total value or damages are specifically stated and the aggregate sum thereof differs from the amount prayed for, or stated generally. The total of the items specifically set out comprises the 'matter in controversy' in case of such conflict. Railway v. Berry (Tex. Civ. App.) 177 S. W. 1187; Wilson v. Ware (Tex. Civ. App.) 166 S. W. 705; Railway v. Coal Co., 102 Tex. 478, 119 S. W. 294; Times Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91; Telegraph Co. v. Hawkins (Tex. Civ. App.) 85 S. W. 847." G., C. & S. F. Ry. Co. v. Hamrick (Tex. Civ. App.) 231 S. W. 166.

See, also, Ainsa v. Moses (Tex. Civ. App.) 100 S. W. 791; Magnolia Cotton Oil Co. v. Martin (Tex. Civ. App.) 201 S. W. 190.

[2] The suggested fundamental error is also without merit because the debt sued for is due under the written contract, made a part of appellee's pleadings, and under which interest is recoverable eo nomine and not as damages; and therefore interest should not be computed in determining the amount in controversy in the suit. Excluding the amount of interest, the general allegation is for damages in the sum of $948, which is within the jurisdiction of the county court. Appellant insists that the contract is not a contract in writing evidencing appellee's indebtedness, but that it is nothing more than a purported agreement or contract which constitutes a basis for settling or determining disputes or controversies regarding wages, hours of labor, etc., between the contracting parties. The contract is between the Director General of Railroads and employees represented by the Railroad Employees' Department of the American Federation of Labor and its affiliated organizations and of the mechanical sections and divisions Nos. 1, 2, and 3 thereof, which was entered into September 20, 1918, and became effective 30 days thereafter, but was retroactive in so far as compensation was to be paid the employees who were beneficiaries of that contract. Appellant admits that appellee by reason of being a member of one of the unions or crafts signing the contract became a party to it for whatever it is worth to him. The contract provides that eight hours shall constitute a day's work. It provides that where three shifts are employed each shall consist of eight consecutive hours, including an allowance of 20 minutes for lunch within the fifth hour. Appellee proved himself one of a three-shift cycle. The contract provides that for continuous services after original working hours they shall be paid for at the rate of time and one-half for such overtime. It fixed the rate of wages to be paid appellee prior to May 1, 1919, at 58 cents per hour; after May 1st, at 67 cents per hour; and some time after May 1, 1919, by supplemental order in accordance with the agreement, appellee's wages were increased to 80 cents per hour. It also provides that the services performed under the contract shall be payable on the 1st and 15th of each and every month in which they are performed. The testimony is undisputed that appellee worked during the entire period in which the railroads were under government control; that he was paid the rate of wage prescribed by this contract, except as to the extra hour which he claims he worked. We submit the agreement is a written contract, enforceable by appellee against appellant.

[3] The county court has concurrent jurisdiction with the district court, "when the matter in controversy shall exceed five hundred and not exceed one thousand dollars, exclusive of interest." Article 1950, R. S. 1925. Article 4977, 1911 Statutes, provides that:

"On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent. per annum from and after the time when the sum is due and payable."

These two statutes have been construed together in numerous cases, and it is well settled that where a suit is upon a written contract to pay a debt, from the terms of which the due date is ascertainable, interest is recoverable eo nomine and not as damages, and that in such cases interest is not to be computed in determining the amount in controversy. Carter Grocery Co. v. Day (Tex. Civ. App.) 144 S. W. 365; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031.

[4] The contract is a written agreement between appellant and appellee to pay the debt sued for, and appellant's contention that it is barred by the two-year statute of limitation is without merit because the four-year statutes apply by virtue of article 5688, subd. 1, Revised Statutes 1911.

[5] The contention that the trial court has no authority to add interest to the jury's verdict because that verdict should constitute the sole basis of recovery is not sustained. Interest is recoverable eo nomine, and since the contract fixes the time of payment of the debt and the law the rate, interest is no lon-

ger a question of fact, but a matter of mathematical calculation for the court to determine.

The remainder of appellant's propositions are overruled, either as not being supported by assignments of error or because they are without merit; and the judgment is affirmed in all things.