**UNION PAC. R. CO. et al. v. OLIVE.**

No. 11200.

Circuit Court of Appeals, Ninth Circuit.

July 16, 1946.

Leo A. McNamee and Frank McNamee, Jr., both of Las Vegas, Nev., for appellant.

Ham & Taylor, A. W. Ham, and Ryland G. Taylor, all of Las Vegas, Nev., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee brought an action against appellants for damages in the sum of $64,742.08 for violation of the agreement hereafter described. Appellants answered, a trial was had, a verdict was rendered against ap-

pellants for $8,675.40, and judgment was entered on the verdict. From that judgment this appeal is prosecuted.

Appellee was an employee of appellants from May 9, 1925, to October 20, 1936. He was a carman—an inspector and repairer of cars. On February 25, 1934, he was injured while at work and was thereby disabled. He therefore applied for and obtained leaves of absence covering the period from February 25, 1934, to May 25, 1936. On and after June 3, 1934, he was a member of the Brotherhood of Railway Carmen of America. The Brotherhood was the duly authorized bargaining agency of its members. On November 1, 1934, it made an agreement with appellants for the benefit of its members. The agreement was in writing and was in effect at all times after November 1, 1934. Its pertinent provisions were:

"Rule 37. No employee shall be disciplined without a fair hearing by a designated officer of the carrier. Suspension in proper cases pending a hearing, which shall be prompt, shall not be deemed a violation of this rule. At a reasonable time prior to the hearing such employee will be apprised of the precise charge against him. The employee shall have reasonable opportunity to secure the presence of necessary witnesses and shall have the right to be there represented by counsel of his choosing. If it is found that an employee has been unjustly suspended or dismissed from the service, such employee shall be reinstated with his seniority rights unimpaired, and compensated for the wage loss, if any, resulting from said suspension or dismissal.

"Rule 38. No journeyman or regular helper who has been in the service of the railroad ninety days shall be dismissed for incompetency, neither shall an employee be discharged for any cause without first being given an investigation.

\* \* \* \* \* \*

"Rule 45. Employees injured while at work are required to make a detailed written report of the circumstances of the accident just as soon as they are able to do so after receiving medical attention. Proper medical attention shall be given at the earliest possible moment and employees shall

be permitted to return to work just as soon as they are able to do so, pending final settlement of the case, provided, however, that such injured employees remaining away from work after recovery shall not be held to be entitled to compensation for wage loss after they are able to return to work. * * * "

On or before May 25, 1936, appellee, claiming that he had recovered from his injury and disability, offered to return to work, but was not permitted to do so. This action was commenced on March 31, 1941. The complaint alleged, in substance and effect, that on May 25, 1936, and at all times thereafter appellee was ready, able and willing to perform his duties; that appellants suspended him from service on May 25, 1936, and, without any hearing or investigation, dismissed and discharged him on August 20, 1936; that he had requested appellants to reinstate him and to compensate him for time lost since May 25, 1936; and that they had failed and refused to do so. The answer denied these allegations, but the evidence showed or tended to show that they were true, except that, instead of August 20, 1936, the date of appellee's dismissal and discharge was October 20, 1936. Thus, in effect, the complaint alleged, and the evidence showed or tended to show, that the agreement of November 1, 1934,[1] was violated by appellants on May 25, 1936, and continuously thereafter.

The answer alleged that appellee was notified on May 25, 1938, that he would be returned to work if he could pass the physical examination required of carmen. The evidence showed that appellee was notified that he would be returned to work if he waived his claim for compensation for time lost since May 25, 1936, and not otherwise.

The answer alleged that appellee refused to return to work except on condition that he be compensated for time lost since May, 1935. The evidence showed that appellee offered to return to work, unconditionally; that appellants refused to return him to work unless he waived his claim for compensation for time lost since May 25, 1936; and that he refused to waive it.

The answer stated: "That plaintiff's [appellee's] cause of action is upon a contract obligation of liability, not founded upon an instrument in writing, and that plaintiff's said cause of action did not accrue within four years from March 31, 1941, the date of the commencement of this action. Wherefore, plaintiff's cause of action has become, and is, completely barred, by virtue of that portion of section 8524, Nevada Compiled Laws 1929, reading as follows: 'Actions other than those for the recovery of real property, can only be commenced as follows: * * * Within four years: * * * 3. An action upon a contract, obligation, or liability, not founded upon an instrument in writing.'" On motion of appellee, these statements were stricken from the answer. Appellants say that this was error.

Section 8524 provides: "Actions other than those for the recovery of real property, can only be commenced as follows: Within six years: * * * 2. An action upon a contract, obligation, or liability, founded upon an instrument in writing * * *. Within four years: * * * 3. An action upon a contract, obligation, or liability, not founded upon an instrument in writing."

▮ This was an action upon a contract, obligation or liability, founded upon an instrument in writing, namely, the agreement of November 1, 1934.[2] It was commenced within six years after the cause of action accrued. Hence it was not barred by § 8524.[3] Hence there was no error in striking the above mentioned statements from the answer.

In support of their contention that this was an action upon a contract, obligation or liability, not founded upon an instrument in writing, appellants cite Illinois Central R. Co. v. Moore, 5 Cir., 112 F.2d 959, and many other cases. Illinois Central R. Co.

---

1 The agreement was pleaded in the complaint and admitted in the answer.
2 Cf. Moore v. Illinois Central R. Co., 180 Miss. 276, 176 So. 593; Davis v. Rush, Tex.Civ.App., 288 S.W. 504; Cross Mountain Coal Co. v. Ault, 157 Tenn. 461,

9 S.W.2d 692; Rentschler v. Missouri Pac. R. Co., 126 Neb. 493, 253 N.W. 694, 95 A.L.R. 1.
3 Cf. Moore v. Illinois Central R. Co., supra; Davis v. Rush, supra.

v. Moore was reversed in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, and hence cannot be regarded as authority. None of the other cases cited by appellants supports their contention.

Appellants contend that the verdict was not supported by the evidence, that it was contrary to the evidence, and that it was "so plainly excessive in the amount of damages awarded as to indicate that it was influenced by passion or prejudice." There is no merit in these contentions. Damages were claimed on account of the compensation of which appellee was deprived by his suspension, dismissal and discharge and appellants' failure to reinstate him. There was evidence from which the jury could have found that the compensation of which appellee was so deprived amounted to more than $9,000. The verdict (for $8,675.40) was supported by the evidence, was not contrary to the evidence, and was not excessive.

Judgment affirmed.