RALPH L. POPPERT, APPELLANT, V. BROTHERHOOD OF
RAILROAD TRAINMEN ET AL., APPELLEES.

189 N. W. 2d 469

Filed September 3, 1971. No. 37857.

Robert L. Paulick and Gary L. Thompson, for appellant.

Robert E. O'Connor, Howard E. Coray, Jerome Given, Harry Lustgarten, Jr., and Cronin & Shamberg, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The plaintiff brought this action in the district court for Hall County against his employer, the Union Pacific Railroad Company, and the defendant unions of which he was a member. The action is founded upon the plaintiff's claimed rights under a collective bargaining agreement which existed between the railroad and the unions and of which the plaintiff as an employee is the

beneficiary. On separate motions by the defendants the trial court dismissed the plaintiff's petition. We reverse the order of the trial court and remand the cause for further proceedings.

In his second amended petition, plaintiff sought money damages for wrongful discharge based upon an allegedly coerced resignation forced upon him on April 26, 1966, by the combined efforts of the defendants. In a fourth cause of action he alleged the resignation to be null and void and that he was entitled to "reinstatement with the Defendant, UP, with all of his seniority rights reinstated."

In separate answers to the second amended petition the defendants denied having coerced the plaintiff into resigning and, among other things, alleged that the plaintiff had voluntarily resigned rather than undergo an investigation by the railroad under Rule 84 of the collective bargaining agreement of criminal charges allegedly filed against him.

Prevoius to the filing of the answers, the plaintiff, in response to a request for admissions made by the defendant railroad, admitted: (1) The existence of Rule 84 which provided for a hearing prior to discipline or dismissal, and for an appeal procedure within the railroad organization; (2) the execution and delivery of a letter dated May 24, 1967, requesting reinstatement; (3) he had made no other appeal, claim, or request; and (4) he had not commenced before the National Railroad Adjustment Board any proceeding involved in the matter presented in his second amended petition for wrongful discharge. In his answers, however, plaintiff specifically denied a request to admit that he had never elected to consider his employment relationship with Union Pacific Railroad Company as having been permanently severed.

On September 14, 1970, the defendant railroad filed the motion to dismiss the plaintiff's action. The reasons stated were: "1. That the Court lacks jurisdiction of the subject matter for the reason that the subject matter of plaintiff's Amended Petition is subject to the ex-

clusive jurisdiction of the National Railroad Adjustment Board. 2. That the Court lacks jurisdiction of the subject matter for the reason that the plaintiff has failed to pursue and exhaust the remedies and procedures required by the collective bargaining agreement and the Railway Labor Act. 3. That the Petition fails to state a cause of action or claim upon which relief can be granted for the reason that Plaintiff failed to comply with the procedural provisions of the collective bargaining agreement within the time limits specified therein and such failure contractually bars his claim."

The defendant unions on September 16, 1970, filed a motion to dismiss based upon identical grounds, but adding: "4. That the plaintiff failed to exhaust his internal remedies pursuant to the collective bargaining agreement, the rules constitution and by laws of the defendant unions."

On October 2, 1970, the plaintiff filed a motion to dismiss his fourth cause of action and to delete from the prayer of his second amended petition the words "together with reinstatement of seniority rights with the Defendant, U. P."

On October 2, 1970, the trial court granted the respective motions of the railroad and the unions and dismissed plaintiff's petition.

The order of the trial court does not give the reason or reasons for its dismissal of the petition of the plaintiff. However the briefs of the parties discuss primarily the following reasons: The court did not have jurisdiction because of the failure of the plaintiff to exhaust the administrative remedies afforded by Rule 84 of the collective bargaining agreement prior to resort to court action; and that because plaintiff had not accepted his employment as terminated but sought reinstatement under his fourth cause, relief is afforded only by the terms of the Railway Labor Act, 45 U.S.C.A., § 153 First (i), and only the National Railroad Adjustment Board has jurisdiction. The defendant unions in addition argue that the area of

dispute has been preempted by federal law and only the federal courts have jurisdiction after exhaustion of administrative remedies, and that plaintiff has not availed himself of remedies afforded by the bylaws and constitution of the voluntary association known as the union.

We will first consider the contention of the defendant unions. We point out that under the provisions of the Railway Labor Act the National Railroad Adjustment Board has no jurisdiction over disputes between employees and the union. Carroll v. Brotherhood of R.R. Trainmen, 417 F. 2d 1025, cert. den. 397 U. S. 1039, 90 S. Ct. 1359, 25 L. Ed. 2d 650. The administrative remedies afforded by Rule 84 do not pertain to disputes between an employee and the union. They lead only to ultimate disposition of an employee-employer dispute before the National Railroad Adjustment Board. See Railway Labor Act, 45 U.S.C.A., § 153 First (i). The defendant unions' contention that compliance by plaintiff with administrative remedies afforded by the collective bargaining agreement is a condition precedent to suit against them has no merit.

The assertion by the defendant unions that the federal courts have exclusive jurisdiction of suits against the unions is made without citation of authority in point. Vaca v. Sipes, 386 U. S. 171, 87 S. Ct. 903, 17 L. Ed. 2d 842, cited by the defendant unions, supports by analogy a position contrary to that of the unions. There the Supreme Court of the United States held the state court (Missouri) did have jurisdiction of suit by a member against the union for breach of duty to fairly represent him. The claim of a union member against the union for breach of the union's duty of fair representation is wholly distinct from the right of a member against an employer under the Railway Labor Act. Czosek v. O'Mara, 397 U. S. 25, 90 S. Ct. 770, 25 L. Ed. 2d 21 (1970). An action against the employer and the union for breach of their separate obligation may, however, be joined. Vaca v. Sipes, *supra*. The defendant unions' claims with

reference to remedy afforded by their bylaws and constitution are without foundation in the record. No bylaws or constitution appear. We cannot take judicial notice of the constitution and bylaws of any private organization.

The defendant unions' contentions are without merit and as to them the dismissal was error.

The plaintiff relies upon Moore v. Illinois Central R.R. Co., 312 U. S. 630, 61 S. Ct. 754, 85 L. Ed. 1089, where the court held that the right of a workman to sue a railroad for wrongful discharge is not dependent upon prior exhaustion of his administrative remedies under the Railway Labor Act or the collective bargaining agreement. The defendant railroad relies upon Republic Steel Corp. v. Maddox, 379 U. S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580 (1965), a case coming within the purview of the Labor Management Relations Act, where the court held that contract grievance procedures must be exhausted before direct legal redress is sought. That case and others, the defendant railroad says, foreshadow the overruling by the United States Supreme Court of Moore v. Illinois Central R.R. Co., supra.

The defendant railroad further says that, even if Moore is still considered to be good law exceptions which have been engrafted upon Moore by such cases as Transcontinental & Western Air, Inc. v. Koppal, 345 U. S. 653, 73 S. Ct. 906, 97 L. Ed. 1325, hold that where state law requires exhaustion of adiministrative remedies the plaintiff still states no cause of action unless he alleges facts to show he has exhausted such remedies. The defendant railroad maintains that Nebraska law requires such exhaustion and cites Crisler v. Crum, 115 Neb. 375, 213 N. W. 366; and Wilber v. Lincoln Aerie, F. O. E., 99 Neb. 428, 156 N. W. 658.

The defendant railroad further states that under the doctrine of Slocum v. Delaware, L. & W. R.R. Co., 339 U. S. 239, 70 S. Ct. 577, 94 L. Ed. 795, and certain cases following it, the plaintiff does not state a cause of action

because where the petition prays for reinstatement it is conclusively indicated that the employee has not elected to consider his employment terminated and exclusive jurisdiction in such instances is with the National Railroad Adjustment Board rather than the courts.

We will first discuss the status of Moore. Despite the attacks made upon Moore by a minority of the United States Supreme Court and others and despite predictions made for its demise, it has not to this date been overruled. In Walker v. Southern Ry. Co., 385 U. S. 196, 87 S. Ct. 365, 17 L. Ed. 2d 294 (1966), the United States Supreme Court was squarely confronted with an opportunity to overrule Moore and did not do so, reiterating the principle that if the employee accepts his discharge as final he may bring a law action in an appropriate state court for money damages without exhausting his administrative remedies. Moore is still being followed. Ferguson v. Seaboard Air Line R.R. Co., 400 F. 2d 473; Belanger v. New York Central R.R. Co., 384 F. 2d 35; McDonald v. Chicago, M., St. P. & P. R.R. Co., 38 Wis. 2d 526, 157 N. W. 2d 553. In Belanger the court denied relief because state law required exhaustion of administrative remedies. Transcontinental & Western Air, Inc. v. Koppal, *supra,* is to the same effect. In McDonald the court granted relief because state law did not require exhaustion of adiministrative remedies. There is no indication in the 1966 amendments to the Railway Labor Act, Pub. L. 89-456, 80 Stat. 208, effective June 20, 1966, of Congressional intent to foreclose an election of remedies. See Florida East Coast Ry. Co. v. Hill (Fla. App.), 233 So. 2d 845.

Defendant railroad asserts the rule that state substantive law relative to the questions of whether administrative remedies must first be exhausted governs is no longer applicable and that federal substantive law now governs and such law requires exhaustion before court action. Defendant railroad cites Republic Steel Corp. v. Maddox, *supra;* and Buchanan v. St. Louis South-

western Ry. Co. (Tex. Civ. App.), 400 S. W. 2d 362 (1966). As we have pointed out, Walker v. Southern Ry. Co., *supra*, seems to be the latest pronouncement of the United States Supreme Court on the subject and Moore is still in good standing.

The next question therefore becomes: Does Nebraska law require exhaustion of administrative remedies as a condition precedent to court action? This court decided that in the negative in Rentschler v. Missouri P. R.R. Co., 126 Neb. 493, 504, 253 N. W. 694, 95 A. L. R. 1. That case was an action by an employee to recover earnings lost because another had been employed in his place in violation of the plaintiff's seniority rights under the collective bargaining agreement. He submitted his claim to arbitration under the agreement and after several hearings, the last of which resulted in a tie vote, he brought the court action. The contention made was apparently that because he had not followed the arbitration procedures to their conclusion he was barred from court action. This court held that if the agreement for arbitration was construed to waive the plaintiff's right to sue then it was contrary to public policy and void. The court pointed to Article I, section 13, Constitution of Nebraska, which says: "All courts shall be open, and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." In Sandobal v. Armour & Co., 429 F. 2d 249 (1970), the Eighth Circuit, applying Nebraska law in another suit under a collective bargaining agreement, cited the Rentschler case for the proposition that a refusal to arbitrate in accordance with the terms of the contract is not available as a defense in an action on the contract. Until federal law clearly preempts the field, we feel compelled to follow the above precedents. Administrative remedies, if elected, are exclusive. Union Pacific R.R. Co. v. Price, 360 U. S. 601, 79 S. Ct. 1351, 3 L. Ed. 2d 1460. As previously noted, defendant railroad cites

Crisler v. Crum, *supra*, for the proposition that Nebraska law does require exhaustion of administrative remedies. The case is not in point for it involved a controversy between union members relative to the internal affairs of the union. The court held that the plaintiff must first seek relief under the bylaws of the union before seeking court relief. The situation in Crum is analogous to situations which involve the internal affairs of lodges and churches where the courts seem uniformly to hold that relief must first be sought within the organization. Such a case is Wilber v. Lincoln Aerie, F. O. E., *supra*, also cited by the defendant railroad. The state does not have the same interest in the internal affairs of such organizations as it does in collective bargaining agreements and different public policy considerations apply. We hold that under Nebraska law in an action by an employee for wrongful discharge under a collective bargaining agreement prior exhaustion of administrative remedies is not required.

If the plaintiff had persisted in his request for reinstatement and in not accepting his discharge as final then that was a form of relief which was not within the power of the court to grant for exclusive jurisdiction of the whole matter in such cases is vested in the National Railroad Adjustment Board. Walters v. Chicago & North Western Ry. Co., 216 F. 2d 332; Walker v. Southern Ry. Co., *supra;* Slocum v. Delaware, L. & W. R.R. Co., *supra*. However, in this case, the plaintiff, at the time the order of the court dismissing his petition was entered, had on file, as we have already noted, a motion to dismiss his fourth cause of action and to eliminate the prayer for reinstatement of seniority rights. He had earlier in response to the request for admissions further indicated that he considered his employment as terminated. By these actions, plaintiff in the trial court had indicated a change in theory, and an intention to amend his petition to abandon his claim for reinstatement and to accept his discharge, if such it was, as final. In Walters

v. Chicago & North Western Ry. Co., *supra,* the court indicated that if in the trial court the plaintiff had amended her complaint to eliminate the claim for reinstatement or had made a record in the trial court of a corresponding change in theory, then she would have been entitled to pursue her claim for wrongful discharge. Upon final determination of his suit for damages this action will be res judicata of any other claim plaintiff might have. Under Nebraska statutes plaintiff has an absolute right to dismiss without prejudice. § 25-601, R. R. S. 1943; Duffy v. Cody, 129 Neb. 737, 262 N. W. 828. Under the circumstances here, of course, his abandonment of his claim for reinstatement must be with prejudice, otherwise the dismissal by the trial court of the plaintiff's petition as against the railroad will be affirmed.

There is another reason why the objection of failure to follow administrative remedies is not well taken. If the allegation of the plaintiff's petition that the defendant unions refused to represent the plaintiff and if the allegation to the effect that the defendant railroad and the defendant unions acted in concert to coerce his resignation are true, then resort to administrative remedies may have been futile. See, Glover v. St. Louis-S. F. Ry. Co., 393 U. S. 324, 329, 89 S. Ct. 548, 21 L. Ed. 2d 519; Vaca v. Sipes, *supra.*

One further contention of the defendant railroad should be noted. It claims that since the collective bargaining agreement contains time limitations on implementation of administrative remedies this action is barred by contractual time limitation. Defendant railroad cites several cases in which exhaustion of administrative remedies were held to be a condition precedent to court action and the employee plaintiff had failed to meet the time limits in the administrative remedies. They have no application here. It also cites Breeland v. Southern Pacific Co., 231 F. 2d 576. In that case plaintiff elected to exercise administrative remedies and thereafter waited

longer than the time provided by the agreement before filing suit. The court held he was bound by the limitation in the agreement, his right of action accrued at the time of the discharge, and the action was barred by the statute of limitations on an action on a written contract. In jurisdictions where exhaustion of administrative remedies is not required the state statute of limitations on written contracts applies. Moore v. Illinois Central R.R. Co., *supra*, Union Pac. R. Co. v. Olive, 156 F. 2d 737; Davis v. Rush (Tex. Civ. App.), 288 S. W. 504.

This opinion is not to be taken as expressing any views on the substantive claims of the plaintiff. It is simply a decision that the trial court does have jurisdiction.

Since the preparation of the foregoing portion of this opinion, the Supreme Court of the United States on June 14, 1971, released its opinion in Amalgamated Assn. of St., E. Ry. & M. C. Emp. v. Lockridge, 403 U. S. 274, 91 S. Ct. 1909, 29 L. Ed. 2d 473. In that case the court held in an action by an employee (in a situation where the employee was covered by the National Labor Relations Act) against his union for having wrongfully caused his discharge from his employment by having terminated his union membership by a misapplication of the rules relative to suspension for nonpayment of dues, that the state and federal courts had no jurisdiction. The opinion was grounded on San Diego Building Trades Council v. Garmon, 359 U. S. 236, 79 S. Ct. 773, 3 L. Ed. 2d 775. The Supreme Court held that since the union action in procuring the member's dismissal because of nonpayment of dues was arguably covered by the unfair labor practices provisions of the National Labor Relations Act, federal law preempted and the National Labor Relations Board and not the state and federal courts had jurisdiction.

We conclude that Amalgamated Assn. of St., E. Ry. & M. C. Emp. v. Lockridge, *supra,* is not applicable because under the provisions of the Railway Labor Act (which is the federal labor law applicable in this case)

the National Railroad Adjustment Board has no jurisdiction of controversies between the union and its members, Conley v. Gibson, 355 U. S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80, and therefore the preemption doctrine has no application here.

The order of dismissal by the trial court is reversed and the cause remanded for further proceedings consonant with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

McCOWN and BOSLAUGH, JJ., dissent.