THE STATE, EX REL. THE HAUSER-STANDER TANK CO.
ET AL., *v.* KELLOGG, CITY MANAGER, ET AL.

(No. 7743—Decided June 29, 1953.)

*Messrs. Cors, Scherer, Hair & Hartsock* and *Mr. Louis J. Schneider, Jr.,* for relators.
*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Edgar W. Holtz,* for respondents.

HILDEBRANT, J.   In this action in mandamus, relators seek to compel the issuance of a building permit for the installation of a wooden water tank on the top of the Fountain Square Hotel in downtown Cincinnati.

Respondents refused the permit for the reason that the proposed installation does not meet the requirements of the Building Code of the city of Cincinnati.

All parties agree that the Fountain Square Hotel is located in the inner fire district and is classified as a type 1 building, requiring the highest type, fire resistant construction.

Relators claim Section 2830 of the Building Code provides that the design, construction, installation, and maintenance of tanks shall be in accord with the Regulations of the National Board of Fire Underwriters, and that their proposed installation complies therewith and is, therefore, authorized by the code.

Respondents point out that Section 1109 provides

that such approved regulations as adopted are effective except when they are not in conformity to some other provision of the code, and that Sections 1600, 1610 and 1612 of the Building Code classify types of buildings by their location and require of type 1 buildings the highest fire resistive construction, which requirement the wooden tank fails to meet.

Relators contend that the proposed tank is not a building as defined in Section 1200-10 of the Building Code, subject to the fire resistive conditions.

Section 1200-10 provides:

" 'Building.' Any construction built or used for the shelter or enclosure of persons, animals or chattels, and any part of such construction divided by *required* fire separations. The term '*building*' shall be construed as if followed by the words 'or structures or part thereof.' "

It, therefore, appears that the wooden tank is such a structure as to be included in the above definition.

In seeking to control or compel the action of an administrative officer and board within the limits of the jurisdiction conferred by law, in the absence of proof to the contrary, it will be presumed the action taken to have been done in good faith and sound discretion. We find no proof to the contrary in this record.

In their interpretation of the applicable sections of the Building Code, even though justifiable differences of opinion may exist as to application of the various sections, mandamus will not lie to control the official discretion unless it clearly appears that the refusal to issue the permit is an abuse of such discretion. See *State, ex rel. Wilms, v, Blake et al., Indus. Comm.*, 144 Ohio St., 619, 60 N. E. (2d), 308.

Relators' claim that the code itself is violative of the Constitution appears to the court to be untenable.

Upon the record, the court finds on the issues joined in favor of the respondents, and the writ is denied.

*Writ denied.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.