75 So.2d 574 (1954)
B.J. MOUNTAIN, A.L. Anthony, T.W. Cobb and R.P. Hunt, Appellants,
v.
NATIONAL AIRLINES, Inc. and Airline Pilots Association International, Appellees.
Supreme Court of Florida. Division B.
October 19, 1954.
Rehearing Denied November 29, 1954.
Anderson & Nadeau, Miami, for appellants.
Loftin, Anderson, Scott, McCarthy & Preston and Hoffman, Kemper & Johnson, Miami, for appellees.
HOBSON, Justice.
Appellants filed an amended bill of complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in which they sought a declaratory decree and other relief.
In said complaint they alleged that they were employed as pilots by National Airlines, Inc. ("National") subsequent to a strike on the part of pilots of National who were members of Air Line Pilots Association International ("ALPA"). After the strike was settled the striking employees returned to work and appellants were released by National.
*575 It is further alleged that when the settlement was reached certain collective bargaining agreements, copies of which are attached to the amended complaint as Exhibits A, B and C, were entered into between National and ALPA, as the duly authorized bargaining agent under the Railway Labor Act of all of the pilots and copilots employed by National, and that under the terms of said agreement appellants retained their rights to be given employment in the future should the necessity arise.
They also assert in their amended complaint that National offered to re-employ the appellants and that appellants accepted said offer, but that when they showed up for work National informed them that they could not go to work because the defendant union had threatened National that if it should allow appellants to resume work with National, ALPA would refuse to allow its members to operate the airplanes of National, which would result in a stoppage of work and National would not be able to carry on its business, whereupon National did refuse to allow appellants to work.
As a predicate for a declaratory decree, appellants assert in their amended complaint that they are "in doubt as to their status and as to their rights under the aforesaid contracts, Exhibits A and B". The prayers in the amended complaint are that the court determine:
"First: What their status is with respect to National Airlines, Inc., that is to say, whether they were or were not employees, and
"Second: That if it finds that they were employees, that it determine whether or not the plaintiffs have to proceed to exhaust their remedies under Exhibits B and C, and
"Third: That if it finds that the plaintiffs are not employees but that they were unlawfully discharged as the result of the action of both defendants, or either of them, that it shall award the plaintiffs damages against National Airlines, Inc. for its wrongful act in respect to discharging the plaintiffs (or projecting the contract of re-employment), and also award the plaintiffs damages against the defendant, Airlines Pilots Association, International, for its wrongful acts with respect to interfering with the relations between the plaintiffs and National Airlines, Inc., or in causing National Airlines, Inc. to refuse to re-employ the plaintiffs, or, if it did re-employ them, for its wrongful act in causing them to be discharged."
Both National and ALPA filed motions to dismiss the amended complaint. On January 9, 1953 the circuit judge granted said motions and in a final decree dismissed the action. This appeal is from said final decree.
Counsel for appellants assert that in their opinion "the sole question for consideration is whether or not the case made by the complaint was one within the purview of the declaratory decree statute". However, in their reply brief they suggest that the amended complaint should not have been dismissed insofar as ALPA is concerned regardless of the correct answer to the foregoing query, because appellants made out a case against ALPA "for a tortious interference with the relations between plaintiffs and National Airlines." Apparently it is counsel's position that the amended complaint, insofar as it seeks a declaratory decree, may be disregarded and considered only as a complaint against ALPA for an award of damages for the alleged wrongful acts of ALPA with respect to interfering with the relations between appellants and National or in causing National "to refuse to re-employ the plaintiffs, or, if it did re-employ them, for its wrongful act in causing them to be discharged". We will first deal with the question whether the amended complaint contains sufficient allegations to entitle appellants to a declaratory decree.
As aforestated, appellants pray that the court declare their status with respect to National, meaning thereby, so it is alleged, for the court to determine whether they were or were not employees. It is quite *576 evident that there is no occasion for the court to determine whether appellants were, in fact, employees of National because the complaint clearly alleges that they were employed by National during the time that the pilots who were members of ALPA were on strike. Therefore there can be no question at all that they were in fact employees of National. We believe it to be obvious that what appellants really seek in the way of a declaratory decree is a declaration whether they, under the facts and circumstances outlined in the amended bill of complaint, were employees of National within the meaning of the term "employees" as it is used in the collective bargaining agreements, and particularly whether each of them is entitled to be designated as a third party beneficiary under the collective bargaining agreements, and especially under Exhibit A, Section 21, Paragraphs (c), (d) and (e) which provide certain rights and privileges of furloughed pilots and copilots when they return to work.
We have no difficulty in reaching the conclusion that the allegations of the amended complaint are insufficient to entitle appellants to a declaratory decree of the nature sought in and by said complaint. We have repeatedly held that the declaratory decree statute, F.S.A. § 87.01 et seq., cannot be used in a case wherein the decree prayed for would serve no useful purpose. Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808; Security Life & Trust Co. v. Odiorne, Fla. 1952, 59 So.2d 35; Coral Gates Properties, Inc., v. Hodes, Fla. 1952, 59 So.2d 630; Columbia Casualty Co. v. Zimmerman, Fla. 1953, 62 So.2d 338; Halpert v. Olesky, Fla. 1953, 65 So.2d 762; Stark v. Marshall, Fla. 1953, 67 So.2d 235. Patently the answer to the query as posed by appellants in the first prayer of their amended complaint is not only affirmatively shown by the allegations to be known to them, i.e., that they were in fact employees of National, but clearly it would serve no useful purpose for the court to answer such question even if appellants did not show that they actually know the answer except perhaps to advise appellants what avenue they should travel to enforce their right. Here again our prior decisions block their path. In Deen v. Weaver, Fla. 1950, 47 So.2d 539, 540, we said:
"After all is said, the question in this case is whether petitioner has a cause of action against Weaver or Farmer or both of them.
"The rule is settled that the Declaratory Judgments Statute cannot be employed to point out the procedure for an attorney to follow to litigate a case like this."
In Hotel & Restaurant Employees, etc., v. Boca Raton Club, Inc., Fla., 73 So.2d 867, we said that improper demands in an action ostensibly for declaratory relief could be considered as surplusage and that factual allegations in the complaint should be carefully examined for sufficiency in connection with relief properly sought. The case now before us differs from Boca Raton, however, in that here, as will presently appear, the plaintiffs are charged with the duty of making an election of remedies, a duty which cannot be left to the trial court.
Section 204 of Title II of the Railway Labor Act, 45 U.S.C.A. § 184, makes applicable to air carriers the provisions of Section 3 of the Act, 45 U.S.C.A. § 153. The latter section "confers jurisdiction on the National Railway Adjustment Board to hold hearings, make findings, and enter awards in all disputes between carriers and their employees `growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions * * *.'" Slocum v. Delaware, L. & W.R. Co., 1950, 339 U.S. 239, 240, 70 S.Ct. 577, 94 L.Ed. 795. Appellees suggest that jurisdiction of the Adjustment Board to make an initial interpretation of collective bargaining agreements such as the one here in question is exclusive, and therefore an allegation of exhaustion of administrative remedies is an indispensable element of suit. As we read the Slocum case, supra, and the cases of Transcontinental & West Air, Inc., v. Koppal, 1953, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325 and Moore v. *577 Illinois Central R. Co., 1941, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, this proposition is unquestionably correct if the plaintiff, having been discharged, elects to challenge the validity of his discharge, seeking reinstatement and back pay. Instead of doing this, however, he may elect to accept the action which discharged him as final, thereby ceasing to be an employee, as was done in the Moore case, and bring suit claiming damages for breach of contract. In the Koppal case the court stated, 345 U.S. at page 661, 73 S.Ct. at page 910:
"`A common-law or statutory action for wrongful discharge differs from any remedy which the Board has power to provide, and does not involve questions of future relations between the railroad and its other employees. If a court in handling such a case must consider some provision of a collective-bargaining agreement, its interpretation would of course have no binding effect on future interpretations by the Board.'
"The result is that, whereas, under the Railway Labor Act, the Adjustment Board has exclusive jurisdiction to adjust grievances and jurisdictional disputes of the type involved in the Slocum case, that Board does not have like exclusive jurisdiction over the claim of an employee that he has been unlawfully discharged."
From the rules enunciated above, it is evident that the main difficulty in the instant case stemmed from the failure of plaintiff-appellants to make an election of remedies, since a study of the amended complaint fails to disclose the theory under which they are proceeding against National, but leads to the conclusion that they had delivered the problem of election of remedies intact to the trial court for its solution. Until the necessary election is made by the plaintiff-appellants, and a claim for relief in accordance therewith attempted to be stated, we can see no useful purpose in further consideration of the problem.
As against appellee ALPA, appellants contend, as we observed before, that the amended complaint states an actionable claim for wrongful interference with contractual relations. Again we find that this alleged claim is based upon a contingency, namely a declaration by the court which we have held to have been improperly demanded. Moreover, if this contingency were eliminated, the character of the contractual rights claimed to have been interfered with are by no means clear from the allegations of the amended complaint.
The final decree appealed from is affirmed, but without prejudice to plaintiff-appellants' rights, if any they have, to institute further proceedings as they may be advised.
ROBERTS, C.J., and THOMAS and DREW, JJ., concur.