### TRUESDELL v. FLORIDA EAST COAST RY.
#### No. 58 L 1988.

Circuit Court, Dade County.

March 13, 1959.

Nichols, Gaither, Green, Frates & Beckham, Miami, for plaintiff.

Scott, McCarthy, Preston, Steel & Gilleland, Miami, for defendant.

ROBERT L. FLOYD, Circuit Judge.

Plaintiff sues at law for damages arising from an alleged wrongful discharge from employment in February 1958, claiming that by reason of such discharge the defendants breached the collective bargaining agreement between the defendant employer and the Order of Railway Conductors and Brakemen of which plaintiff was a member. The agreement is attached to plaintiff's complaint and made a part thereof.

More specifically, plaintiff alleges that the defendants breached article 29 (a) of the agreement, in that he was denied a fair and impartial hearing (investigation) after he had been charged with taking a quantity of coal belonging to the defendant employer; that, in furtherance of this allegation, he had been denied the opportunity to call witnesses on his behalf at the hearing, and that the administrative hearing board had wrongfully refused to admit in evidence or consider the written statements of certain witnesses, not employees of the defendant, all in violation of the said article.

After taking depositions, both sides moved the court for a summary judgment, plaintiff on the question of liability, leaving only the question of damages to be assessed by a jury, and defendants for summary judgment on the questions of law inasmuch as the material facts are not in dispute.

Plaintiff relies on three United States Supreme Court decisions, all of which have been cited in recent state and federal cases—Moore v. Illinois Central R. Co. (1941), 312 U. S. 630, 85 L. Ed. 1089; Slocum v. Delaware, L. & W. R. Co. (1950), 349 U. S. 239, 94 L. Ed. 795; and Transcontinental & West Air, Inc., v. Koppal (1953), 345 U. S. 653, 97 L. Ed. 1325. In addition, plaintiff cites

the language of our Supreme Court in Mountain v. National Airlines, Inc. (Fla. 1954), 75 So. 2d 574, 576, as holding that in Florida it is not necessary to show that a discharged employee must first exhaust available administrative remedies as a prerequisite to bringing a common law action for wrongful discharge. Plaintiff's counsel conceded in their argument that this was not done.

It is obvious that any rights plaintiff may have must emanate from the collective bargaining agreement. Without it an employee could be discharged at any time with or without cause, and no hearing afforded him. The contract must be read in its entire material provisions. Rights cannot spring from the reading of an excerpt of a sub-paragraph only. In short, the Moore case, supra, holds that exhaustion of administrative remedies is not a prerequisite to the bringing of a court action for wrongful discharge (leaving the question of what the substantive law of the state is on that point unanswered) ; the Slocum case, supra, holds that in disagreements involving an interpretation of the bargaining agreement between the union and employer and the National Railway Adjustment Board has not acted, the courts have no power to adjudicate the dispute, and distinguishes this factual situation from that present in the Moore case; and the Koppal case, supra, holds that an exhaustion of administrative remedies is not necessary before filing a court action for wrongful discharge *unless* "if the applicable local law * * * requires an employee to exhaust his administrative remedies under his employment contract in order to sustain his cause of action, he must show that he has done so." The Slocum case points out that in the Moore case the local (state) law did not require the employee to exhaust his administrative remedies, and thus distinguished the Moore case holding.

Counsel have cited no case in Florida directly in point, except plaintiff's reliance upon the language in the Mountain case, supra, and the court being aware of the competence of counsel for both parties, can assume there is none. On first blush it would appear that the Mountain case language settles the point in Florida, and that this court would be presumptuous in attempting to resolve the instant question before it on any other basis. The language itself is quite clear. On page 576, the Supreme Court of Florida says—

"Appellees [employer] suggest that jurisdiction of the Adjustment Board to make an initial interpretation of collective bargaining agreements such as the one here in question is exclusive, and therefore an allegation of exhaustion of administrative remedies is an indispensable element of suit. As we

read the Slocum case, supra, and the cases of [Koppal case] * * * and [Moore case] * * * this proposition is unquestionably correct if the plaintiff, having been discharged, elects to challenge the validity of his discharge, seeking reinstatement and back pay. Instead of doing this, however, he may elect to accept the action which discharged him as final, thereby ceasing to be an employee, as was done in the Moore case, and bring suit claiming damages for breach of contract." * * * * * (The Court then quotes from the *Koppal case,* supra, with apparent approval.)

A more careful reading of the Mountain case, however, reflects that the cited language was not necessary to the principal point involved in that case, and must be considered nothing more than obiter dicta. That case involved the question of whether or not plaintiffs' amended complaint stated grounds upon which a declaratory decree could be rendered. The Supreme Court, after outlining the factual situation, at once proceeds to deny plaintiffs relief by stating at page 576—"We have no difficulty in reaching the conclusion that the allegations of the amended complaint are insufficient to entitle appellants to a declaratory decree of the nature sought in and by said complaint," and then cites prior decisions of the Florida court to block plaintiffs' path.

After the language relied upon by plaintiff in the instant case, the court then says at page 577—"From the rules enunciated above, it is evident that the *main difficulty* in the instant case stemmed from the failure of the plaintiff-appellants to make an election of remedies, since a study of the amended complaint fails to disclose the theory under which they are proceeding against National, but leads to the conclusion that they had delivered the problem of election of remedies intact to the trial court for its solution." (Italics added.)

This court concludes that plaintiff must exhaust his administrative remedies prior to filing suit for damages for two principal reasons—(1) that the doctrine is well established in Florida in cases where the judgment or recommendation of an administrative board is first exercised, and (2) from a fair and reasonable construction of all of article 29 of the collective bargaining agreement and the purpose and intent of congressional action in making such agreements possible.

As to the first reason, the court cites Ervin v. City of North Miami Beach (Fla.), 66 So. 2d 235; DeCarlo v. Town of West Miami (Fla.), 49 So. 2d 596; and Morrison v. Plotkin (Fla.), 77 So. 2d 254.

As to the second, the court cites the reasoning of the Supreme Court of New Jersey in Jorgensen v. Pennsylvania Railroad Co. (1958), 138 A. 2d 24. That all of article 29 must be construed in its entirety becomes apparent when one is confronted with the probabilities that arise when only a portion is read by itself, and out of context. Here we have a contract entered into because Congress deemed it necessary that transportation remain unhampered by intra-family disputes arising between labor and management. True, once an employee is discharged and sues for wrongful discharge, he is no longer an employee and it can be said that since he no longer enjoys that status he cannot possibly hamper transportation. But, it must be remembered that the very instrument upon which he must rely for his common law action is the contract Congress made possible, and if he relies upon that contract, he must likewise be bound by all its provisions and obligations in the light of congressional attempt to keep intra-family disputes within the family first. This is not to say that he should be denied court review, but that he must first exhaust those remedies provided for by the very contract, the breach of which he alleges.

Further, by the very nature of the hearing, it is most informal, and a reading of the transcript of the proceedings makes it apparent that to pit a hearing such as this against established evidentiary law of courts would make for such a contrast that no hearing could be considered "fair and impartial" when measured by the standards of a court trial. Hearsay testimony abounds from both sides, statements are admitted first and the witness examined later, testimony showing results of investigations is allowed, the "best evidence rule" is non-existent. Certainly, in the absence of so many of the fundamental rules that a court would consider basic, if the employee "considers himself unjustly disciplined or is dissatisfied with the decision" he should be required to pursue the administrative remedy provided for in article 29 (d) of the contract without first resorting to a forum where strict and unalterable rules apply. Then, if the "fair and impartial" test has not been met in the opinion of higher administrative authority within the "family," that administrative appellate body has the opportunity to first correct it.

It is therefore ordered—(1) That plaintiff's motion for summary final judgment is denied, (2) That defendants' motion for summary final judgment is granted, and plaintiff shall take nothing by his suit, defendants to go hence without day, and (3) That costs are assessed against the plaintiff, same to be assessed upon appropriate motion.