HENDRY, Judge.
This is an appeal from an order entered by the circuit court for Dade County dismissing plaintiff’s amended complaint without leave to amend.
The plaintiff alleges in such amended complaint that prior to his discharge on January 20, 1961, he was an employee of the defendant, National Airlines, Inc. (hereinafter called National) and in good standing; that he was hired by the defendant on or about April 1, 1956, as an airplane mechanic and as a mechanic he was entitled to certain rights under an agreement entered into on November 25, 1958, between the defendant and the plaintiff’s representative, International Association of Machinists (hereinafter called I.A.M.) in accordance with the provisions of Title II of the Railway Labor Act as amended;[1] that during the course of his employment plaintiff diligently performed his duties as a mechanic until January 20, 1961; that while in the course of his employment on said date, he suffered an accident; that he was treated by the company physician and directed to perform only light work; that the defendant failed to furnish the plaintiff with work light enough for him to perform; that by reason thereof he left the job and remained at home for three days; that the plaintiff was wrongfully discharged for alleged unauthorized absence from work on or about January 20, *314 1961; that because of the alleged wrongful discharge plaintiff claims damages.
The defendant moved to dismiss the amended complaint on the ground that it failed to state a cause of action. The trial judge granted defendant’s motion and stated in the order that the motion was granted on the ground that the plaintiff had failed to exhaust his administrative remedies.
The amended complaint shows that the plaintiff requested hearings and decisions in the matter of his discharge in accordance with the grievance procedure, as provided by paragraphs d and b of sub paragraph 4 of Article XIX of the National-I.A.M. agreement; that the ruling following each of these two hearings was adverse to the plaintiff; that no appeal was made to the National-I.A.M. System Board of Adjustment.[2]
The controlling question presented for our determination is whether the trial court erred in dismissing plaintiff’s amended complaint for failure to state a cause of action because the complaint failed to show that all administrative remedies had been exhausted.
In Moore v. Illinois Central Railroad Company, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089, the United States Supreme Court ruled that a discharged railroad employee may bring an action for damages upon a claim that he was wrongfully discharged without first seeking the adjustment of his controversy through the National Railway Adjustment Board. In that case it was said at page 634, 61 S.Ct. at page 756; “* * * But we find nothing in that Act (Railway Labor Act) which purports to take away from the courts the jurisdiction to determine a controversy over a wrongful discharge or to make an administrative finding a prerequisite to filing a suit in court. * * * ” Compare Slocum v. Delaware, Lackawanna & Western R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795.
In the Slocum case, supra, it was held that in disagreements involving an interpretation in the bargaining agreement between the union and the employee where the National Railway Adjustment Board has not acted the courts have no power to adjust the dispute, and distinguished this factual situation from that present in the Moore case. Later, the high court decided Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, which case is similar in many respects to the case at bar. In that case, the plaintiff, Kop-pal, was employed in Missouri by a carrier subject to the Railway Labor Act. As in the instant case the agreement provided certain procedural steps to be taken in case of disagreement between employee and employer. Koppal was charged with abuse of sick leave and after hearing was told he would be discharged, whereupon he was permitted to resign “under protest”. He took no appeal, as provided by his employ *315 ment contract, but instead instituted suit in the federal court. The trial court dismissed the complaint on the ground that the plaintiff had failed to exhaust the remedies prescribed in the employment contract. On appeal to the United States Supreme Court it was held that the substantive law of Missouri determined the requirements of the cause of action and the interpretation of the contract, and that under the law of Missouri (as distinguished from the law of Mississippi where the Moore case was tried) an employee must exhaust the administrative remedies under his contract of employment in order to sustain his cause of action. The order dismissing the suit was affirmed.
It is our view that in the instant case the plaintiff’s rights under the Railway Labor Act and his employment agreement must be determined by the laws of Florida. It seems clear that Florida law requires that administrative remedies be exhausted prior to taking recourse to the courts. Morrison v. Plotkin, Fla.1955, 77 So.2d 254; DeCarlo v. Town of West Miami, Florida, Fla.1950, 49 So.2d 596. But see Mountain v. National Airlines, Fla.1954, 75 So.2d 574.
In the case of Payne v. Pullman Co., 13 Ill.App.2d 105, 141 N.E.2d 83, the appellate court of Illinois adopted the position that a discharged employee must pursue his claim before the adjustment board. In that case the employee had processed his grievance through the chief operating officer as provided in the collective bargaining agreement. After this procedure proved futile he sued for damages in an Illinois court. In upholding the trial court’s dismissal of the complaint the appellate court relied upon what it referred to as the “doctrine of exhaustion of remedies”. The court viewed the doctrine as requiring in the first instance an exhaustion of all administrative remedies available to the plaintiff under the Railway Labor Act. The court observed that under the Illinois law the only rights which the employee could assert in a suit for wrongful discharge were those arising from this agreement.
The holding of the circuit court in Truesdell v. Butler, as reported in 14 Fla.Supp. 32, was that the plaintiff, Truesdell had to exhaust his administrative remedies prior to filing his suit for damages for wrongful discharges. On appeal, this court reviewed and affirmed such holding in Truesdell v. Butler, Fla.App.1959, 116 So.2d 262. The record in that case reveals that in many respects the factual situation and the points of law were very similar to those before us in the instant case.
Viewing the present case in the light of the Truesdell decision and the other authorities cited, we must conclude that the trial judge was correct in dismissing the complaint for failure to show that all administrative remedies had been exhausted.
Affirmed.

. See §§ 151-188, 45 U.S.C.A. for the text of this act. It is to be noted that § 184 makes applicable to air carriers and their employees § 153 of this title relating to the creation of a system board for the adjustment of labor disputes.

. Article XIX of the National-I.A.M. agreement provides in part as follows:
“ * * * SYSTEM BOARD OF ADJUSTMENT
“(a) In compliance with Section 204, Title II, of the Railway Labor Act, as amended, there is hereby established a System Board of Adjustment for the purpose of adjusting disputes or grievances which may arise under the terms of this Agreement and which are properly submitted to it after all steps for settling complaints and grievances as set forth in Article XIX have been exhausted; however, by mutual agreement, any case properly referable to this Board may be submitted to arbitration in the first instance.
“(b) The System Board of Adjustment shall consist of four (4) members, two (2) selected by the Company and two (2) selected by the Union.

“(e) The Board shall consider any dispute properly submitted to it by either party to this Agreement, when such dispute has not been previously settled in accordance with the terms provided for in this Agreement; provided that the dispute is filed with the Board within thirty (SO) days after the procedure provided for in this Agreement has been exhausted. If a dispute is not filed within such time the action of the Company or Union shall become final and binding. * * [1] ”