150 So.2d 237 (1963)
Lyle SCOTT, Petitioner,
v.
NATIONAL AIRLINES, INC., a Florida corporation, Respondent.
No. 31951.
Supreme Court of Florida.
February 20, 1963.
Albert L. Weintraub, A. Jay Cristol, Alan R. Schwartz and Nichols, Gaither, Beckham, Colson & Spence, Miami, for petitioner.
Scott, McCarthy, Preston & Steel, Alfred L. McCarthy, Phillip Goldman, Jerry Crockett and Talbot D'Alemberte, Miami, for respondent.
DREW, Justice.
Petitioner seeks review of a district court decision[1] on the ground of direct conflict with Mountain v. National Airlines.[2]
The issue of law common to both cases concerns the legal effect of an employment contract, providing for grievance procedures after discharge for cause, upon an employee's right of action at law for damages for wrongful discharge. We are convinced by an examination of the Mountain decision that its determination of this issue, hereinafter quoted, was not, as contended by respondent, obiter dictum,[3] but was essential to the ultimate conclusion that *238 declaratory relief could not in that situation be accorded:
"This proposition [that jurisdiction of the Adjustment Board to make an initial ruling was exclusive and allegation of exhaustion of administrative remedies therefore indispensable] is unquestionably correct if the plaintiff, having been discharged, elects to challenge the validity of his discharge, seeking reinstatement and back pay. Instead of doing this, however, he may elect to accept the action which discharged him as final, thereby ceasing to be an employee * * * and bring suit claiming damages for breach of contract." (Emphasis supplied.)[4]
The unmistakable holding of this Court in that case was that an employee under contracts of this nature[5] may elect to sue for wrongful discharge without pursuing his contractual remedies. The conclusion, as a matter of contract construction, was that such an employee has an election of remedies on the inconsistent theories of contest or acceptance of the discharge.[6] The decision there, that the employee who sought a declaration of his rights without invoking contract procedures could not obtain such relief in the absence of a clear election, necessarily rests on a determination that the employee had the right of election in that factual situation, where he obviously had not pursued his contractual or administrative remedies. While the opinion does *239 not elaborate the distinctions between this situation and those ordinarily requiring exhaustion of administrative remedies,[7] it nevertheless holds that a discharged employee must make an election which will close one avenue of relief or the other, thus ruling out the possibility of instituting suit at law after pursuing or exhausting grievance procedures, and negativing the applicability of the "exhaustion" rule.
Respondent in this case seeks to sustain the decision below by citation of authority to show that "By any yardstick  numbers, population, industrial development or prestige of the court  the `weight of authority' requires an employee to pursue the remedies afforded by a collective agreement in lieu of common law action for wrongful discharge." Whatever differences in contract language, reasoning, or law may have prompted certain decisions, there presently exists a division of authority between the courts, some holding that pursuit of grievance procedures is a condition precedent to suit[8] or "that a fair interpretation of the contract is that the provisions with respect to grounds for discharge are confined in their implementation to the plan of arbitrament established by the contract,"[9] others allowing resort to action at law at the outset.[10]
The decision in the case at bar, placed squarely on the "exhaustion" principle, would align with the cases first cited. But it is by no means clear from a reading of these opinions whether, as implied by reliance on theories of exhaustion of remedies as a condition precedent, the courts intend that suit for damages might be instituted after pursuing all contract remedies or whether in actuality their decision is that contract procedures supplant the remedy at law for damages. Either pronouncement necessarily conflicts with the position taken by this Court in the Mountain case, supra, that the employee has an election of remedies. Since the problem, fundamentally, is one of construing contract terms, and these provisions are in any event susceptible of clarification or restatement to express the parties' intent, we are not persuaded of the necessity for departure from the construction given these terms by our earlier decision. To the extent therefore that the opinion in this case relegates petitioner to contract grievance procedures either in lieu of or as a condition precedent to suit, it must stand revised.
We conclude, however, that the complaint was properly dismissed and the affirmance of that order should be sustained for the reason that, by challenging the validity *240 of his discharge and invoking procedures for hearing under the contract, the employee in this case elected his remedy and could not thereafter assume the inconsistent position required by this suit. Applicability of this doctrine is controlled not by contract clauses which specify the point in grievance procedure at which abandonment is expressly made final and binding, but instead by the initial action taken in challenge rather than acceptance of the discharge. The dismissal of the complaint in this cause is therefore sustained on this ground, and the writ should accordingly be discharged.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and THORNAL, JJ., concur.
NOTES
[1] 142 So.2d 313.
[2] Fla. 1954, 75 So.2d 574.
[3] Such a statement of a point of law, even if regarded as obiter, would under Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611, settle the jurisdictional issue in this Court.
[4] Ibid, p. 577.
[5] The provisions in the contract here were in part as follows:

"Article XIX  Bargaining and Grievance Procedure * * *
"(c) Any employee suspended or discharged from services of the Company will be notified of the reasons for suspension or discharge in writing. * * *
"(d) Any employee suspended or discharged after ninety (90) days of employment shall be granted a hearing, provided a request therefor is made in writing to the authorized representative of the Company at the point where employed within five (5) days from the day of the suspension or discharge. * * * If the decision reached as a result of this hearing is not satisfactory to the employee, the case may be appealed to the President of the Company in accordance with regular grievance procedure, as outlined in Paragraph (b), step (4), above.
"(e) In case it is found that the suspension or discharge is unjust, the employee will be reinstated with full seniority, paid for the time lost, and records corrected.
* * * * *
"SYSTEM BOARD OF ADJUSTMENT
"(a) In compliance with Section 204, Title II, of the Railway Labor Act, as amended, there is hereby established a System Board of Adjustment for the purpose of adjusting disputes or grievance which may arise under the terms of this Agreement and which are properly submitted to it after all steps for settling complaints and grievances as set forth in Article XIX have been exhausted; however, by mutual agreement, any case properly referable to this Board may be submitted to arbitration in the first instance.
* * * * *
"(e) The Board shall consider any dispute properly submitted to it by either party to this Agreement, when such dispute has not been previously settled in accordance with the terms provided for in this Agreement; provided that the dispute is filed with the Board within thirty (30) days after the procedure provided for in this Agreement has been exhausted. If a dispute is not filed within such time the action of the Company or Union shall become final and binding. * * *"
[6] See Matthews v. Matthews, Fla.App. 1961, 133 So.2d 91; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 So.2d 942. The federal decisions are clear that federal statutes under which these contracts are drawn do not preclude independent action at law by an employee, but such suits in federal courts on diversity grounds, absent pursuit of contract grievance procedures, have been dismissed on the ground that state law required exhaustion of administrative remedies as a condition precedent to suit. Transcontinental & Western Air v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325.
[7] Morrison v. Plotkin, Fla. 1955, 77 So.2d 254; De Carlo v. Town of West Miami, Florida, Fla. 1950, 49 So.2d 596.
[8] Cone v. Union Oil Co., 1954, 129 Cal. App.2d 558, 277 P.2d 464; Hooser v. Baltimore & O.R.R., 7th Cir., 1960, 279 F.2d 197. citing Supreme Council of the Order of Chosen Friends v. Forsinger, 1890, 125 Ind. 52, 25 N.E. 129, 9 L.R.A. 501; Henthorn v. Western Md. Ry. Co., 1961, 226 Md. 499, 174 A.2d 175; Leadon v. Detroit Lmbr. Co., 1954, 340 Mich. 74, 64 N.W.2d 681; Reed v. St. Louis Southwestern R. Co., Mo. App. 1936, 95 S.W.2d 887; Rowan v. K.W. McKee, Inc., 1962, 262 Minn. 366, 114 N.W.2d 692; Peoples v. Southern Pac. Co., D.C. 1956, 139 F. Supp. 783; 9 Cir., 232 F.2d 707; Pettus v. Olga Coal Co., 1952, 137 W. Va. 492, 72 S.E.2d 881.
[9] Payne v. Pullman Co., 1957, 13 Ill. App.2d 105, 141 N.E.2d 83, 89; Fletcher v. Colo. & Wyo. Ry. Co., 1959, 141 Colo. 72, 347 P.2d 156; Jorgensen v. Penn. R.R., 25 N.J. 541, 138 A.2d 24, 72 A.L.R. 2d 1415; Ladd v. New York Central, 170 Ohio St. 491, 116 N.E.2d 231; Falsetti v. Local Union, 1960, 400 Pa. 145, 161 A.2d 882, 87 A.L.R.2d 1032.
[10] Martin v. Southern R. Co., 1962, 240 S.C. 460, 126 S.E.2d 365; Moore v. Missouri Pacific R. Co., 5 Cir., 1959, 264 F.2d 754; Moore v. Illinois Central R. Co., 5 Cir., 1940, 112 F.2d 959, reversed on other grounds, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Moore v. Illinois Central R. Co., 180 Miss. 276, 176 So. 593; Dufour v. Continental Southern Lines, 219 Miss. 296, 68 So.2d 489; Texas & N.O.R.R. Co. v. McCombs, 143 Tex. 257, 183 S.W.2d 716; Atkinson v. Thompson, Tex.Civ.App. 1958, 311 S.W.2d 250; Sjaastad v. Great Northern R. Co., D.N.D. 1957, 155 F. Supp. 307.