151 So.2d 70 (1963)
Bert SMITH, Appellant,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida corporation, Appellee.
No. 62-466.
District Court of Appeal of Florida. Third District.
March 19, 1963.
Rehearing Denied April 4, 1963.
*71 Frates & Fay, Miami, for appellant.
*72 Bolles & Prunty and David C. Goodwin, Miami, for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HORTON, Judge.
Appellant, plaintiff below in a contract action, seeks review of an adverse summary final judgment.
Appellant had been employed by the appellee railroad as a flagman for approximately 37 years. For some time he had suffered from arthritis and obesity. In the early part of 1956, a trainmaster of the appellee observed appellant's handicapped condition and questioned his ability to perform the duties of a flagman. The appellee then authorized a "field test" to determine if appellant was capable of performing these duties. While participating in this test, appellant fell in exhaustion and injured his knee. At this time he was 61 years of age. He was hospitalized and subsequently returned to his home but was never able to return to work.
On March 7, 1957, appellant brought a negligence action under the Federal Employers' Liability Act, alleging, inter alia, that he was negligently and unlawfully required to take the field test. Trial was held which culminated in a jury verdict in favor of the appellant. On appeal this court reversed and remanded for a new trial, Butler v. Smith, Fla.App. 1958, 104 So.2d 868, saying:
"There was no justiciable issue, at least under the Federal Employer's Liability Act, that could be raised as to the propriety or right of the appellant to give the test. If the appellee were aggrieved, he had a remedy for such grievance under the Railway Labor Act, 45 U.S.C.A., § 151 et seq. Consequently we do not consider that items 1 and 2 under the charge of negligence, supra, constituted triable issues." (Items 1 and 2 dealt with the propriety or right of the appellant to give the test.)
Ultimately, the appellant brought the instant action for breach of employment contract arising out of a collective bargaining agreement governing rates of pay and working conditions. The complaint alleged that the appellee had breached the agreement "by unlawfully requiring the plaintiff to participate in a field test and in unlawfully allowing its servants, agents or supervisors to conduct such a field test." The appellee moved to dismiss and for summary judgment alleging lack of jurisdiction, failure to state a cause of action, res judicata, estopped by judgment, and failure to exhaust administrative remedies. After hearing, the trial court entered the summary judgment appealed upon a finding that the principle of res judicata operated to bar appellant's action and that jurisdiction of the cause was vested solely in the National Railway Adjustment Board under the terms of the Railway Labor Act.
The appellant contends the trial court erred in applying the principle of res judicata to the case at bar. We find this contention has merit.
In Gordon v. Gordon, Fla. 1952, 59 So.2d 40, cert. den. 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680, the Supreme Court of Florida said:
"The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and *73 which were actually adjudicated in the prior litigation." [Emphasis supplied.]
See also, Youngblood v. Taylor, Fla. 1956, 89 So.2d 503. For the purpose of determining the question of res judicata, the test of the identity of the causes of action is the identity of the facts essential to the maintenance of the actions. Poe v. State Road Department, Fla.App. 1961, 127 So.2d 898; Youngblood v. Taylor, supra; Gordon v. Gordon, 160 Fla. 838, 36 So.2d 774, 4 A.L.R. 2d 102.
Reverting to the case at bar, the doctrine of res judicata would not apply to bar the appellant's action because the two causes of action differ substantially with regard to certain of the facts necessary to their maintenance. Nor would the doctrine of estoppel by judgment apply to estop the appellant from litigating issues relative to the propriety or right of the appellee to give the test for we have specifically held that such issues were not triable in the negligence action. See Butler v. Smith, supra.
Appellant further contends that it was error to find that jurisdiction of the cause was vested solely in the National Railway Adjustment Board under the terms of the Railway Labor Act. This contention also has merit.
Instead of pursuing such administrative remedies as might have been available to him under the terms of the collective bargaining agreement and the Railway Labor Act, Title 45 U.S.C.A. § 151 et seq., the appellant elected to bring a common law action in the state court for breach of contract, a remedy different from any which the National Railway Adjustment Board has the power to provide and one which does not involve questions of future relations between the railroad and its other employees. This was his prerogative. See Scott v. National Airlines, Fla. 1963, 150 So.2d 237, and Mountain v. National Airlines, Fla. 1954, 75 So.2d 574; see also, Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325; and Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.
In accordance with the opinions expressed herein, the summary final judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.