171 So.2d 209 (1964)
The BOARD OF PUBLIC INSTRUCTION OF TAYLOR COUNTY, Florida, a corporation, Appellant,
v.
The STATE of Florida ex rel. Laura Scott REAVES, Appellee.
No. F-276.
District Court of Appeal of Florida. First District.
October 20, 1964.
*210 Cotten, Shivers, Gwynn & Daniel, Tallahassee, for appellant.
David Lanier, Madison, for appellee.
WIGGINTON, Judge.
The school board of Taylor County has appealed a peremptory writ of mandamus issued by the circuit court commanding it to reinstate appellee as a teacher in the Jerkins School at Perry, and pay her salary from the day her contract was revoked and her services terminated to the date of her reinstatement. Appellant contends that the trial court erred in denying its motion to quash the alternative writ of mandamus and in issuing the peremptory writ containing the commands above mentioned.
The petition for alternative writ of mandamus filed by appellee alleges that she was the holder of a continuing contract as a school teacher in the public school system of Taylor County prior to November 22, 1963; that on the 20th day of November, 1963, appellant notified her in writing that her services as a school teacher were terminated as of the close of the school day on November 22, 1963, upon a finding by appellant that she had been willfully absent from her duties without leave. The petition alleges that the school board acted without first having given appellee notice in writing setting forth the charges against her, and without notifying her of the time and place where a hearing on such charges would be held; that appellee's subsequent request to be furnished with a copy of the charges against her was refused. The petition alleges that appellee was relieved of her duties as a teacher on November 22, 1963, and has received no salary since that date; that she is entitled to be restored to her position and paid the salary of which she has been deprived since appellant wrongfully terminated her services. The petition prays for issuance of a writ of mandamus requiring appellant to reinstate appellee in her position as a school teacher and pay the accrued salary due her, or to show cause why it failed to do so.
In response to the alternative writ appellant filed a motion to quash on the grounds hereinafter mentioned. Upon denial of this motion appellant answered the writ, interposing a number of defenses. Among the defenses asserted were that appellee was notified of the charges against her and the time and place at which a hearing on the charges would be held by appellant; that appellee appeared at the hearing and testimony was adduced establishing the days on which appellee was willfully absent from her teaching duties without leave; that by her presence at the hearing appellee waived the requirement of formal notice in writing of the charges against her and the time and place of hearing; that it was based upon the testimony taken at the hearing that appellant officially acted in revoking appellee's contract as a teacher in the public schools of Taylor County. Appellant's answer further defended on the ground that appellee was not entitled to apply to the courts for relief on the allegations contained in her petition without first exhausting the administrative remedies provided her by law; that appellee had failed to exhaust her administrative remedies and therefore had no standing in a court of law to seek relief from the order of the school board revoking her teaching contract. Appellant further *211 defended on the ground that the board's action about which appellee complained was taken in the exercise of a discretion vested in it by law while acting in a quasi-judicial capacity, which action, if reviewable at all by the courts of this state, is reviewable only by certiorari, and not by mandamus.
From the record it appears that the notice given appellee by the school board in its letter dated November 20, 1963, advised appellee that she had been found guilty of being willfully absent from her duties as a school teacher without authorized leave, contrary to the applicable provisions of law, by reason of which the board voted to terminate her services as a teacher in the public schools of Taylor County as of November 22, 1963. The statute pursuant to which the board purported to act provides that any member of the instructional staff of any county who is willfully absent from duty without leave shall forfeit compensation for the time of such absence, and his contract shall be subject to cancellation by the county board.[1]
The chapter of our statutes which makes willful abstention from duty without leave a ground for cancelling a teacher's contract further provides that any member of the instructional staff may be dismissed when recommendation to that effect is submitted in writing to the county board giving good and sufficient reasons therefor either by the county superintendent, the principal, or by a majority of the board. The statute further provides that the employee whose contract is under consideration shall be duly notified in writing by the party or parties preferring the charges at least five days before filing the written recommendation with the county board, which notice shall include a copy of the charges and the recommendation to be made. If the employee wishes a public hearing, he shall notify the board in writing within ten days after the date of the official notice that the county board will consider the charges against him. Upon receiving such request, the county board shall notify the teacher of the time and place of the hearing. Any decision adverse to the employee may be appealed by him in writing to the state board, through the state superintendent, for review; provided such appeal is filed within thirty days after the decision of the county board.[2]
The peremptory writ of mandamus issued by the trial court finds from the evidence that the county board's action in revoking appellee's teaching contract and terminating her services was taken without any notice to her that a hearing would be held on charges filed against her, or the time and place of such hearing; that appellee's request that she be furnished with a copy of the charge or charges against her was refused; that appellee was relieved of her duties as a school teacher by the action of the board on the 22nd of November, 1963, and has received no salary since that date. The writ commanded appellant to reinstate appellee as a teacher in the Jerkins School at Perry and pay her salary from the day her services were wrongfully terminated on November 22, 1963, to the date of her reinstatement.
A review of the evidence adduced at the hearing before the trial court affirmatively establishes without dispute that appellee made no attempt to appeal the adverse decision of the county board to the state board, through the state superintendent, as provided by the statute above mentioned. There can be no question, therefore, that appellee failed to exhaust the administrative remedies provided her by law before filing this action.
In Odham v. Foremost Dairies, Inc., our Supreme Court said:
"This Court has consistently held that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. The doctrine *212 has been referred to as the exhaustion of administrative remedies. It is related to the doctrine of primary jurisdiction. An examination of the many authorities of texts on this question reveals a consistent attitude of the courts that judicial intervention with administrative action is justified only in those instances where the invalidity of the administrative act is not subject to reasonable differences of opinion. * * *"[3]
By analogy with the case sub judice, our law with respect to pupil assignments provides that if a parent or guardian of any child whose application for enrollment in the public schools of his county has been denied, shall be dissatisfied with the decision of any county board with respect to the school in which such child shall be enrolled, such parent or guardian may seek review of such decision by making and filing with the State Board of Education within thirty days after the rendition of such decision, an application for review thereof.[4] In the case of Ferris v. Board of Public Instruction of Sumter County, the parent of a child who disagreed with the action of the county board of public instruction regarding the school to which his child was assigned sought relief in the circuit court by petition for writ of mandamus. In affirming the action of the trial court which quashed the alternative writ upon failure of the petitioner to establish that he had exhausted the administrative remedies afforded to him by law, the Second District Court of Appeal said:
"It is also noticed that under section 230.232(3) (b), if any party disagrees with the action of the County Board of Public Instruction, that party has an administrative remedy which is, in effect, an appeal to the State Board of Public Instruction. It is generally held that mandamus actions or other resorts to the court will not be upheld until the parties seeking the writ have exhausted their administrative remedies. Hennessy v. City of Fort Lauderdale, Fla.App. 1958, 101 So.2d 176."[5]
Based upon the foregoing authorities we are compelled to hold that appellee's proper remedy for review of the action of the school board in revoking her teaching contract was to appeal that action to the State Board of Education through the State Superintendent of Public Instruction. Having failed to exhaust this administrative remedy, appellee was not entitled to seek the aid of the circuit court for redress.
Unless it be charged that our decision is turned on entirely too narrow a technical ground, we will proceed to consider the second assault made by appellant upon the peremptory writ of mandamus. Adverting to the statute which provides that before a member of the instructional staff may be dismissed, he must first be furnished with a written copy of the charges against him and the recommendation to be made to the school board regarding his dismissal. Such employee has the right to request a hearing on the charges against him in which event the school board is required to serve notice of the time and place where the hearing will be held and afford the employee full opportunity to appear and present such evidence as he may have in opposition to the charges against him. The action of the county school board in passing upon the charges against members of the instructional staff is quasi-judicial in character, and involves the exercise of a sound discretion.
It has long been established as the law of Florida that action of an administrative officer, board, commission, or agency taken in the performance of a quasi-judicial function may be reviewed only by certiorari. *213 Florida Appellate Rule 4.1, 31 F.S.A., provides as follows:
"Review of Administrative Boards and Agencies. All appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules."
In Solomon v. Sanitarians' Registration Board our Supreme Court, speaking through Mr. Justice Thornal, said:
"Admittedly, mandamus is not an appropriate remedy to compel an administrative Board to exercise its discretion in a particular manner. Similarly, mandamus cannot be employed as an appellate remedy to review quasi-judicial action of an administrative agency. DeGroot v. Sheffield, Fla., 95 So.2d 912. In situations where judgment of the administrative agency represents an exercise of judicial discretion pursuant to a hearing held after notice to the parties concerned, mandamus is not the proper method of review. Rather, certiorari should be employed. DeGroot v. Sheffield, supra."[6]
The procedure which appellee should have properly followed in this case after exhausting her administrative remedies, if resort to the courts for review of the school board's action was desired, was by petition for writ of certiorari as was employed in the case of Negrich v. Dade County Board of Public Instruction.[7] Under the facts disclosed by this record, and the law applicable thereto, mandamus was an improper remedy for appellee to pursue in seeking the relief prayed in her petition, and the court should have quashed the alternative writ and dismissed the action.
For the reasons set forth above, the peremptory writ of mandamus appealed in this case is quashed, and the cause is remanded for the entry of an appropriate order dismissing the action.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] F.S. § 231.44, F.S.A.
[2] F.S. § 231.36(3), F.S.A.
[3] Odham v. Foremost Dairies, Inc., (Fla. 1961), 128 So.2d 586.
[4] F.S. § 230.232(3) (b), F.S.A.
[5] Ferris v. Board of Public Instruction of Sumter County, Florida et al. (Fla. App. 1960) 119 So.2d 389.
[6] Solomon v. Sanitarians' Registration Board et al (Fla. 1963) 155 So.2d 353.
[7] Negrich v. Dade County Board of Public Instruction et al. (Fla.App. 1962) 143 So.2d 498.