**W. K. FERGUSON and F. M. Nees,**
**Appellants,**

v.

**SEABOARD AIR LINE RAILROAD**
**COMPANY, Appellee.**

No. 24331.

United States Court of Appeals
Fifth Circuit.
Aug. 29, 1968.

Thomas J. Lewis, Jr., Atlanta, Ga., for appellants, C. Lanny McCullers, Tampa, Fla., of counsel.

Ronald D. McCall, Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

PER CURIAM:

Appellants were discharged from appellee's employ for allegedly violating a number of the railroad's operating rules. Appellants filed separate suits in state court seeking damages for wrongful discharge. Both suits were removed to federal court on diversity and are consolidated for purposes of this appeal.

Relying on Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), the district court sustained a motion by appellee to dismiss for lack of jurisdiction due to appellants' failure to resort to the grievance procedures under the collective bargaining agreement. In Walker v. Southern R. Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966), decided after the ruling below, the Supreme Court made it clear that *Maddox* is not applicable to Railway Labor Act cases, such as this one, which are "not subject to the revisions of the grievance procedures brought about by Congress in Public Law 89–546, 80 Stat. 208, effective June 20, 1966." Belanger v. New York Central R. Co., 384 F.2d 35, 36 (6th Cir. 1967). As to such cases the Supreme Court's former decisions in Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S. Ct. 754, 85 L.Ed. 1089 (1941) and Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed.

1325 (1953), are applicable. Under those decisions a discharged employee may either pursue his administrative remedy under the collective bargaining agreement or resort to an action at law for wrongful discharge. If he chooses the latter, he need exhaust his administrative remedy under the contract if, and only if, state law requires it.

We turn then to Florida law. Regardless of what state law may be as to exhaustion of remedies in other areas, see e. g. Morrison v. Plotkin, 77 So.2d 255 (Fla.1955); DeCarlo v. Town of West Miami, 49 So.2d 596 (Fla.1950); Board of Pub. Instruction of Taylor Co. v. State, 171 So.2d 209 (1st Dist.Fla.Ct. App.1964); Hennessy v. City of Fort Lauderdale, 101 So.2d 176 (2d Dist.Fla. Ct.App.1958), Florida does not require exhaustion of administrative remedies in suits of this kind. Quite the contrary, Florida adheres to the "election of remedy" theory. A discharged employee may contest his discharge and pursue his administrative remedy or he may accept his discharge as final, thereby ceasing to be an employee, and sue for damages for breach of contract. Scott v. National Airlines, Inc., 150 So.2d 237 (Fla.1963); Mountain v. National Airlines, Inc., 75 So.2d 574 (Fla.1954); Smith v. Florida East Coast Railway Co., 151 So.2d 70 (3rd Dist.Fla.Ct.App.1963); Mintz, Labor Law, 20 U.Miami L.Rev. 301, 304–306 (1965). Once he chooses one remedy, he cannot later pursue the other. Under Florida law, then, it is quite clear that a discharged employee need not exhaust his administrative remedies as a prerequisite to bringing suit. In fact, if he did exhaust his administrative remedies, he would not be able to maintain the lawsuit.

The thrust of appellee's argument appears to be that the Florida Supreme Court's decisions in *Scott* and *Mountain* were not declarations of Florida law but were merely misinterpretations of the United States Supreme Court's decisions in *Moore* and *Koppal*. A careful examination of the Florida decisions convinces us that this is not so.

Appellee also relies on the contrary decisions in Truesdell v. Florida East Coast Ry., 14 Fla.Supp. 32 (Cir.Ct.1959), aff'd, 116 So.2d 262 (3rd Dist.Ct.App. 1959), cert. den., 119 So.2d 292 (Fla. 1960), and Waters v. Seaboard R. R., 15 Fla.Supp. 53 (Cir.Ct.1959). However, these decisions simply do not represent the present law of Florida. Both decisions were rendered prior to the Florida Supreme Court's decision in Scott v. National Airlines, Inc., supra. In that decision the Florida Supreme Court reaffirmed and clarified its former decision in *Mountain*.[1] It specifically noted that the "election of remedy" theory espoused in *Mountain*, which the Third District Court of Appeals had dismissed as *obiter dicta* in *Truesdell*, was not *obiter dicta*, but was essential to the decision. *Scott*, in effect, overruled *Truesdell*. Further, the Third District Court of Appeals followed the *Scott* decision in the *Smith* case thus, in effect, reversing its former position in *Truesdell*.

Finally, appellee argues that should we feel the lower court erred in dismissing the suit for lack of jurisdiction, we should nonetheless uphold the dismissal because appellants' discharge was for just cause. It is true that the appellee moved below for both dismissal and summary judgment. However, both motions were pitched on the failure to exhaust administrative remedies; the motion for summary judgment was not based on the existence of just cause for the discharges. Even if it had been, the record does not reflect that all material

---

1. Admittedly, the opinion in *Mountain* did not *clearly* establish that exhaustion is not required in Florida. The ambiguity of the *Mountain* decision easily accounts for the *Truesdell* and *Waters* decisions as well as the opinion expressed in the dissenting opinion of Sigfred v. Pan American World Airways, 230 F.2d 13, 24 (5th Cir. 1956).

issues of fact have been expunged from this controversy.

Accordingly, the judgment of the district court is reversed, and these suits are remanded.