PER CURIAM.
This appeal is by the plaintiff below from an adverse summary judgment. In September of 1961, the appellant was given notice of discharge by his employer, the appellee Eastern Airlines, Inc., herein referred to as the company. He was a member of a union, the International Association of Machinists, with which the company had entered into a collective bargaining agreement, herein referred to as the agreement. He challenged the discharge by invoking the procedures specified in such case by the terms of the agreement. The discharge was upheld. Election to proceed under the terms of the agreement was the basis for rejection of his subsequent action at law against the company for breach of contract. O’Neill v. Eastern Airlines, Inc., Fla.App.1963, 153 So.2d 744. See Scott v. National Airlines, Inc., Fla.1963, 150 So.2d 237, 239-240. The present action to set aside the 1961 proceedings under the agreement was filed some four years later on September 1, 1965.
One contention made by the appellant here is that a triable issue was raised by evidence presented on behalf of the plaintiff that prior to his appeal hearing before the three-man board, consisting of two members of the System Board of Adjustment and a referee, the referee was furnished with the record of the previous *778 hearing before a company official. In our opinion such issue, if created, was not a genuine triable issue. The appeal provided for in a discharge case, from the company’s decision following a hearing officer’s report, is to a board which is directed to “consider and review the prior record in the case,” with provision for the board to receive additional evidence if deemed necessary. Since it would be the duty of the members of the (appeal) board to acquaint themselves with the record of the prior (company official’s) investigation and hearing, examination of such record by a member of the appeal board prior to the appeal hearing would not be improper, and proof that such occurred would be no basis for setting aside the board’s action.
It is further contended on behalf of the appellant that he was denied due process in that the appeal was to a three-man board, rather than before a five-man board which the appellant contends was provided for. Appellant also contends he was denied the right to have a hearing before the four-man System Board of Adjustment, as a step prior to such appeal.
An examination of the agreement discloses that in case of discharge it provides for notice to the employee with a statement of grounds, and, on his request, for an investigation and hearing before a company. official who then reports to the Executive Committee and furnishes the latter with a copy of the minutes or record, and for action to be taken thereon by the company, rejecting or confirming the discharge.
At that point there is a difference in the procedure prescribed between cases of grievances and cases of suspension and discharge. In grievance cases at that stage the matter is presented on appeal to the four-man System Board of Adjustment, and in the event of deadlock by that board then proceeds to consideration before another appeal board made up of the four-man System Board of Adjustment plus a chosen referee. Here it should be noted there was an amendment to the agreement, effective October 1, 1961, whereby this last appeal board, instead of consisting of the four-man System Board of Adjustment plus a referee, would be made up of three members, consisting of two members of the System Board of Adjustment, the chairman and vice chairman, plus a referee to be chosen in the manner therein provided for. The dates involved in this case, as disclosed on the record, show that the appeal hearing involved here took place after October 1, 1961, and therefore properly came before a three-man appeal board rather than the earlier five-man type.
The agreement also discloses that in a discharge case no provision is made for a hearing before the four-man System Board of Adjustment following the company’s decision. When that stage is reached in a discharge case the agreement provides only for an appeal to the board with a referee added, which, at the time of the appeal hearing involved here was the three-man appeal board.
Accordingly, no reversible error having been shown, the judgment appealed from is affirmed.