PER CURIAM.
The appellants were defendants in the trial court in a wrongful discharge action brought by the appellee. Among other things, the railroad contends the adverse final judgment was in error because although the incident occurred in November of 1965 and the employee may have had an election of remedies [pursuant to Mountain v. National Airlines, Inc., Fla.1954, 75 So. 2d 574; Scott v. National Airlines, Inc., Fla. 1963, 150 So.2d 237; Moore v. Illinois Central Railroad Company, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Slocum v. Delaware, Lackawanna & Western Railroad Company, 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325] within one year of the alleged wrongful discharge, he lost this right by virtue of the enactment by Congress of an Amendment to the Railway Labor Act, effective June 20, 1966.[1]
We do not construe the Amendment to be such as to make the remedies available therein the exclusive remedy for an allegedly wrongfully discharged employee to determine his rights. Walker v. Southern Railway Company, 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294; Belanger v. New York Central Railroad Company, 6th Cir. 1967, 384 F.2d 35; Ferguson v. Seaboard Air Line Railroad Company, 5th Cir. 1968, 400 F.2d 473; Cales v. Chesapeake and Ohio Railway Company, W. D. Virginia 1969, 300 F.Supp. 155. But even if we did, same would be inapplicable in the instant case because it would have the effect of giving retroactive interpretation to the Amendment. In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627; Indemnity Insurance Company of North America v. Brooks-Fisher Insulating Company, Fla.App.1962, 140 So.2d 613; Schonfield v. City of Coral Gables, Fla.App.1965, 174 So.2d 453; Winfree v. Northern Pac. Ry. Co., 9th Cir. 1909, 173 F. 65; 30 Fla.Jur., Statutes, § 141; 50 Am.Jur., Statutes, § 478.
The other questions raised by the appellants have been examined and found to be without merit, and the final judgment here under review should be affirmed under the authority of Mountain v. National Airlines, Inc., supra; Scott v. National Airlines, Inc., supra; Smith v. Florida East Coast Railway Company, Fla.App.1963, 151 So.2d 70; Moore v. Illinois Central Railroad Company, supra; Slocum v. Delaware, Lackawanna & Western Railroad Company, supra; Transcontinental & Western Air, Inc. v. Koppal, supra; Walker v. Southern Railway Company, supra.
The appellee has cross-appealed on the failure to award interest for the time between the discharge and the filing of the law suit. We find no error on the part of the trial judge in denying same. It is apparent that the amount sought by the appel-lee was not “capable of ascertainment by mere computation or by well-established standards of values” prior to judgment. 9 Fla.Jur., Damages, § 86; 22 Am.Jur.2d Damages, §§ 185, 186.
Therefore, the final judgment or the jury verdict here under review be and the same is hereby affirmed in all respects.
Affirmed.

. 45 U.S.C.A. § 153.